Opal L. **TAYLOR** and Mary A. Taylor, Appellants,

v.

Robert H. **FINCH**, Secretary of Health, Education and Welfare, Appellee.

No. 20029.

United States Court of Appeals, Eighth Circuit.

April 13, 1970.

Opal L. Taylor, pro se.

Bethel B. Larey, U. S. Atty., Fort Smith, Ark., and Robert E. Johnson, Asst. U. S. Atty., for appellee.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and GIBSON, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

This is an appeal by Opal L. Taylor and Mary A. Taylor prosecuted pro se from an order dismissing their petition for a contempt citation against John W. Gardner,[1] Secretary of Health, Education and Welfare, and the director of the Veterans Administration by reason of their failure to comply with the mandate of this court based upon its opinion in Taylor v. Gardner, 8 Cir., 393 F.2d 257.

An unverified petition, not supported by affidavit, seeking the contempt citation was filed June 4, 1969. The petition was signed by John B. Driver as attorney for plaintiffs. It contains the bald summary assertion that the Secretary and the Director of the Veterans Administration were directed by our mandate to make "certain payments" to plaintiffs and that such payments have not been made. The Secretary filed a motion to dismiss the citation, asserting that pursuant to our mandate upon remand of the case to him he accepted our determination that Social Security coverage existed and that he determined the amount due each of the plaintiffs under the Social Security Act and that he has

1. Robert H. Finch has succeeded John W. Gardner as Secretary of Health, Education and Welfare and he has been substituted as defendant in this action.

paid to each of them the amount determined to be due. He further asserted that plaintiffs have never sought reconsideration of court review of such determinations.

The trial court set the case for hearing on the motion to dismiss for October 31, 1969, and gave notice of such hearing to the plaintiffs and their attorney. The attorney responded that he could not appear by reason of illness but that Mrs. Taylor might appear. He sought no continuance.

When the case was reached for the scheduled hearing on October 31, the clerk reported that Mrs. Taylor had appeared in his office earlier that day and advised that she wanted to return home due to the weather but that she desired the case to be submitted even though neither she nor her attorney would be present. She left certain papers with the clerk which were filed. Such papers included correspondence with the Secretary which reflect that the plaintiffs had in fact been awarded some Social Security benefits and that such benefits had been paid to them. On brief, appellants' principal complaint appears to be that they received no payments for the period from 1953 to 1963.[2]

The transcript of the hearing shows that the United States Attorney appeared and that in answer to questions propounded by the court stated the government's position that the Secretary

had not failed or refused to follow our mandate. Judge Harris was familiar with the facts and issues involved. He had affirmed the Secretary's determination that no coverage existed in an opinion reported at 264 F.Supp. 610, which we reversed in our opinion reported at 393 F.2d 257. Judge Harris' opinion and our opinion just referred to fairly set out the background, facts and issues presented and resolved in the prior litigation.

Upon the record made in the present case, we are satisfied that the court properly dismissed the petition for contempt.

■ Courts have power to adjudge persons who wilfully disobey their orders to be in contempt and such power extends to both civil and criminal contempt. See Rule 70, Fed.R.Civ.P.; 18 U.S.C.A. § 401; United States v. United Mine Workers, 330 U.S. 258, 302–303, 67 S.Ct. 677, 91 L.Ed. 884. However, as stated in Shillitani v. United States, 384 U.S. 364, 371, 86 S.Ct. 1531, 1536, 16 L.Ed.2d 622 a court in dealing with contempt must exercise "the least possible power adequate to the end proposed."

■ Appellants' main difficulty in our present case is that they have failed to make any prima facie showing that either the Secretary or the Director of the Veterans Administration have violated or refused to follow our mandate.

2. The Secretary in his brief explains his refusal to allow benefits for the 1953–1963 period as follows:
"Prior to 1957 child's insurance benefits under the then existing provisions of the Social Security Act could only be paid to child beneficiaries who had not attained age 18. The Appellant's daughter, Mary, attained age 18 in June 1953 and since her first application was filed on November 7, 1951, with 6 months retroactivity provided in the Act at the time, benefits were payable for May 1951 through May 1953. Provision for benefits for a child who became disabled prior to age 18 was enacted with the Social Security Amendments of 1956, P.L. 84–880, Section 101,

[70 Stat. 807], enacted August 1, 1956 which amended 42 U.S.C. 402d(1). Such benefits could be paid, effective with January 1957, with respect to applications filed after September 1956. Section 101(h). The Appellant, however, next filed an application in May 1964 for child's and mother's insurance benefits. Pursuant to section 202(j) (1) of the Act, as amended September 1, 1954, 42 U.S.C. 402(j) (1), benefits can only be paid up to 12 months retroactive to the filing of an application; therefore, the Appellant's current benefit period could only begin with May 1963. Sangster v. Gardner, 374 F.2d 498 (6 Cir., 1967); Meadows v. Cohen, 409 F.2d 750 (5 Cir., 1969).

The Veterans Administrator was not made a party in the prior case. Our opinion and mandate made no requirements of him. It is established beyond dispute that he has in no way violated our mandate.

The Secretary was a party to the prior case. He had determined appellants were entitled to no survivors benefit under the Social Security Act because Darwin Philo Taylor, deceased husband of Opal L. Taylor and father of Mary A. Taylor, did not have sufficient quarters of coverage to qualify for the benefits provided by the Act. The district court affirmed. We reversed for the reasons fully set out in our opinion, supra. Our ultimate holding is, "We hold that under the circumstances of this case, the receipt of benefits from the Navy does not bar the claimants from receiving Social Security benefits to which they are otherwise entitled. We reverse and remand for further proceedings consistent with this opinion." 393 F.2d 257, 264.

Since the Secretary, in the proceedings before us upon the prior appeal, held the appellants were not eligible to receive survivors benefits, the Secretary did not reach the issue of amount of benefits due. The issue of the amount of survivors benefits due the appellants was not before us on the prior appeal and we necessarily made no determination in our prior opinion as to the amount of survivors benefits due. The remand was for the purpose of making determination of the amount of benefits.

Upon our remand to the district court, Judge Harris remanded the case to the Secretary for further proceedings consistent with the views expressed in our opinion. The record reflects that the Secretary upon remand proceeded as directed by our mandate upon the basis that Social Security coverage of Darwin Philo Taylor was established. It is undisputed that some substantial Social Security benefits were awarded to and paid to the appellants. Appellants do not dispute the fact that they were paid some benefits. Their complaint is directed to their contention that the Secretary failed to allow or pay benefits for the 1953–1963 period. The record made before the Secretary on remand is not before us. The Secretary in allowing and paying some survivors benefits, the receipt whereof is admitted by plaintiffs, fully complied with our opinion and mandate directing that the case be handled upon the basis that Darwin Philo Taylor had sufficient quarters of coverage to qualify his survivors for benefits under the Act.

The issue of whether the Secretary correctly determined the amounts due claimants under the circumstances of this case is not properly before us and we express no view upon such issue.

Contempt proceedings cannot be used as a basis for correcting an asserted error in the Secretary's determination absent a violation of a court order. As pointed out by Judge Harris in his order dismissing the petition, the Act provides adequate remedies by way of reconsideration by the Secretary and court review of the Secretary's final determination.[3]

The order dismissing the petition for contempt citation is affirmed.

---

3. Judge Harris in his order states:
   "Documents on file in the case indicate that the plaintiffs have received various payments since this case was remanded to the Secretary. Plaintiffs contend that they have not been paid the amounts to which they are entitled, and the government apparently contends that they have. The court feels that this is a matter which should be determined administratively. If the Secretary's determination of the amounts due, and the payments received, are not in accordance with the claims of plaintiffs, they should proceed administratively by filing a request for reconsideration with their local Social Security District Office, and proceed in accordance with 20 CFR 404.911 et seq."