**UNITED STATES of America, Plaintiff,**

v.

**Gerald J. LANDSBERGER, Defendant.**

**Civ. No. 3-81-313.**

United States District Court,
D. Minnesota,
Third Division.

Dec. 14, 1981.

As Amended Jan. 6, 1982.

Larry Meuwissen, and James P. Sites, Tax Division, Dept. of Justice, Washington, D. C., for the Government.

Gerald J. Landsberger, pro se.

## MEMORANDUM AND ORDER

RENNER, District Judge.

Before the Court are the Government's motions for: (1) Summary judgment of permanent injunction; and (2) to hold defendant in contempt for violation of preliminary injunction. Larry Meuwissen, Esq. and James P. Sites, Esq., appear for the government and Gerald J. Landsberger, defendant, appears pro se.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant is the promoter of a plan which he calls the "Foreign Tax Haven Double Trust." Under the plan, one "sells" his lifetime services as an employee to a trust called Professional and Technical Services. The trustee of that trust, International Dynamics, Inc., then purchases the accounts receivable of Professional and Technical Services Group at a discount. As part of the plan, the person who has sold his services files with his employer an exemption certificate indicating sufficient exemptions (as many as 99) to eliminate withholding taxes on the person's salary. He then endorses his paycheck over to International Dynamics, Inc.

International Dynamics, Inc., which is also a trust, transfers the purchased accounts receivable to its beneficiary, IDI Credit Union. Prior to this transfer, International Dynamics, Inc. customarily retains a 10% processing fee. Finally, IDI Credit Union gives a check to the person in an amount equal to 90% of the original gross paycheck.

On July 27, 1981, the Court issued a preliminary injunction restraining defendant from selling and promoting the "Foreign Tax Haven Double Trust" or any similar device; from representing that the trust eliminates or reduces one's tax liability; from preparing any federal tax returns on which the Trust is used to reduce tax liability and from servicing the Trust, or receiving, endorsing or forwarding the checks relating to the Trust. To the extent applicable, the Findings of Fact and Conclusions of Law made in conjunction with that Injunction are incorporated herein.

Plaintiff alleges that, on July 20, 1981, after notice of the plaintiff's motion for preliminary injunction had been sent out, defendant participated in a change of signature cards for the IDI Credit Union account at Northwestern National Bank of St. Paul, which authorized his son, Paul Landsberger, to be a signatory. Plaintiff further alleges that since that signature authorization change and after the issuance of the preliminary injunction defendant and his son have acted in concert to continue promotion of the Trust. Paul Landsberger has been signing checks on behalf of the

IDI Credit Union for 90% of clients' income. Defendant has endorsed at least two documents for purposes of representing that the double trust eliminates or reduces tax liabilities.

## II.

## MOTION FOR SUMMARY JUDGMENT

Summary Judgment may only be granted under Fed.R.Civ.P. 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Eighth Circuit has repeatedly emphasized the drastic nature of the summary judgment remedy. It should not be granted unless the moving party has established his right to a judgment with such clarity as to leave no room for controversy. *Jackson v. Star Sprinkler Corp. of Florida*, 575 F.2d 1223, 1226 (8th Cir. 1978); *New England Mutual Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th Cir. 1977). The Court must give the non-moving party the benefit of all reasonable inferences to be drawn from the facts. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). The Eighth Circuit does recognize, however, that the remedy serves a salutary purpose of avoiding useless and time-consuming trials. *Percival v. General Motors Corp.*, 539 F.2d 1126, 1129 (8th Cir. 1976).

Applying these standards to the facts of this case, the Court finds that summary judgment of permanent injunction for the Government is proper. Preliminarily, the Court notes that it has jurisdiction to grant such an injunction under both sections 7402(a) and 7407 of the Internal Revenue Code, Title 26, United States Code. Under section 7402(a) the Court has jurisdiction to issue injunctions "as may be necessary or appropriate for the enforcement of the Internal Revenue laws." Section 7407 permits a district court to permanently enjoin a person from acting as a tax return preparer where he has engaged in fraudulent and deceptive conduct that substantially interferes with the proper administration of the tax laws.

Defendant admits he is involved in promoting a Foreign Tax Haven Double Trust ("Double Trust") tax reduction plan. Affidavit of Gerald J. Landsberger, ¶ 2. He also admits that the plan involves a contract whereby an individual "sells" his lifetime service to a Trust in an attempt to avoid taxes. Transcript of Proceedings, dated July 27, 1981, at 13–14; Complaint Ex. B, Intrusted Personal Services Contract. Defendant has, in fact, twice declined at oral argument to state which, if any, of facts alleged by plaintiff regarding the operation of the Double Trust he disputes. Plaintiff's only dispute is with the Government's legal conclusion that the Double Trust is illegal.

The documents which form the Double Trust package marketed by defendant, see Plaintiff's Complaint, Exhibit B, permit no other conclusion than that the scheme is illegal. The principle is well settled that "income must be taxed to him who earns it." *Commissioner v. Culbertson*, 337 U.S. 733, 739–740, 69 S.Ct. 1210, 1212–13, 93 L.Ed. 1659 (1949). Defendant cannot avoid this doctrine by including in the Intrusted Personal Services Contract a clause which specifies that the client thereby enslaves himself for life to a trust which then "owns" him as well as the fruits of his physical labors. According to plaintiff, this clause saves the individual from tax liability because in signing such a clause, he has conveyed away the "tree" as well as the "fruit". *See Lucas v. Earl*, 281 U.S. 111, 115, 50 S.Ct. 241, 74 L.Ed. 731 (1930).

Apart from the fact that this clause is patently absurd, and conceivably in violation of the Thirteenth Amendment, it has no effect on the legality of the Double Trust. A person cannot make a scheme legal by simply saying it is so. The Supreme Court has stated:

[O]ne vested with the right to receive income [does] not escape the tax by any kind of anticipatory arrangement, however skillfully devised, by which he pro-

cures the payment of it to another, since by the exercise of his power to command the income, he enjoys the benefit of the income on which the tax is paid. *Harrison v. Schaffner*, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055 (1941).

Accordingly, where the right to receipt of compensation is contingent upon the continued rendering of service by a specific individual, the compensation is taxable to that person whose services create the right to receive such payment. *See Daugherty v. Commissioner*, 63 F.2d 77 (9th Cir. 1933).

Defendant admits that the person who signs the contract with Professional and Technical Services continues to perform services for his original employer. He refuses to state what services the person performs for Professional and Technical Services Group. Instead, he merely asserts that there are "15 or 20 economic justifications involved that are provided to the employee from Professional and Technical Services." Transcript of Proceedings, dated July 27, 1981, at 14. As plaintiff argues, however, the Professional and Technical Services Group has no control over the daily work of the individual. Similarly, it has no control over the other incidents of employment such as sick leave, health benefits and vacation which continue to inure solely to the individual. *See Millette & Assoc. Inc. v. Commissioner*, T.C. Memo 1978–1980, 37 TCM 774, (CCH) (1978), *aff'd*, 594 F.2d 121 (5th Cir. 1979). The Court finds that Professional and Technical Services Group is merely a sham created to aid individuals in the illegal avoidance of tax on personal services income.

Defendant also claims that the Professional and Technical Services Group and the Double Trust are unrelated. This is not a disputed fact, but a legal conclusion which finds no support in the documents contained in defendant's Double Trust package. See Plaintiff's Complaint, Exhibit B. Finally, defendant argues that the check issued by IDI Credit Union in an amount equal to 90% of the client's gross income is a "gift" and therefore nontaxable to the recipient. This contention is entirely frivolous.

Defendant's "Foreign Tax Haven Double Trust" is merely an attempt to anticipatorily assign personal services income through a complex series of specious transactions. The scheme differs little from the "family trust" plan which has been held illegal by numerous courts. *See United States v. Basye*, 410 U.S. 441, 93 S.Ct. 1080, 35 L.Ed.2d 412 (1974); *Gran v. Commissioner of Internal Revenue*, 664 F.2d 199 (8th Cir. 1981); *Vnuk v. Commissioner of Int. Rev.*, 621 F.2d 1318 (8th Cir. 1980). This Court has previously found that defendant's continuing activity causes substantial loss to the Internal Revenue service and requires the commitment of substantial administrative resources. Findings of Fact, and Conclusions of Law, dated August 10, 1981. The Court has also concluded that defendant's continued activity caused irreparable harm to the plaintiff and was contrary to the public interest. *Id.* Having so found, and having now concluded that the "Foreign Tax Haven Double Trust" is illegal, the Court holds that summary judgment of permanent injunction is necessary to prevent defendant from continuing fraudulent and deceptive conduct that substantially interferes with the proper administration of the tax laws as provided in 26 U.S.C. § 7404.

## III.

## MOTION FOR JUDGMENT OF CONTEMPT

The Government also seeks an order adjudging defendant in contempt and imposing a $50,000 penalty and a fine of $2,000 per day for continued violation of the preliminary injunction. The Government has made a strong showing that defendant has continued, despite the Court's Order of July 27, 1981, to promote the Double Trust both directly and indirectly. Defendant's participation in a change of signature cards for the I.D.I. Credit Union account at the Northwestern National Bank of St. Paul and his endorsement of at least two documents which represent that the Double Trust eliminates or reduces tax liabilities

constitute violations (see Declaration of Stephen Smith) of both the letter and spirit of the Order.

■ The Court is authorized to enforce its order by contempt and to grant other remedial relief to the party injured by violation of the order. *Taylor v. Finch*, 423 F.2d 1277, 1279 (8th Cir. 1970) *cert. den.* 400 U.S. 881, 91 S.Ct. 125, 27 L.Ed.2d 119 (1970). In *Taylor*, the Eighth Circuit noted, however, that a court in dealing with contempt must exercise the "least possible power adequate to the end proposed." *Id.*, (citations omitted). Plaintiff has submitted exhibits showing that defendant has received profits of approximately $37,000 in September, 1981 and $60,000 in October, 1981 as a result of the continued operation of the Double Trust. In light of this evidence and keeping in mind the rule that the amount of any fine "must be based upon the complainant's actual losses sustained as a result of the contumacy," *United States v. UMW*, 330 U.S. 258, 304, 67 S.Ct. 677, 701, 91 L.Ed. 884 (1947), the Court finds that a $10,000 fine and $500 a day penalty for continued violation is proper.

Based upon the foregoing, the record, the arguments and briefs of counsel,

IT IS HEREBY ORDERED that:

1. The Government's motion for summary judgment of permanent injunction is GRANTED.

2. Defendant Landsberger, his agents, servants, employees and all others in active concert or participation with him are hereby permanently restrained and enjoined from all marketing and promoting activities by sale or lease of the "Foreign Tax Haven Double Trust" or any similar device; from all forms of representation that such a trust or device eliminates or reduces one's federal income tax obligation; from preparing any federal income tax returns on which such a device is relied upon to reduce tax liability; from servicing all outstanding Double Trust contracts or devices; and from receiving, depositing, endorsing, writing, signing or forwarding any checks relating to these trusts or similar devices. This injunction does not prohibit defendant Landsberger or anyone associated with him from commencing an action in the nature of interpleader in a court of competent jurisdiction in order to permit the payment of any funds on hand into such court for distribution to such persons as may be entitled thereto.

3. Defendant Landsberger is adjudged in contempt of Court and the United States is awarded the sum of $10,000 as compensatory damages.

4. Defendant Landsberger is fined the sum of $500 per day prospectively until he makes a showing that any and all of the activities with respect to the double trusts which are enjoined in paragraph 1 above are no longer being continued by him or by his agents, servants, employees or by others in active concert or participation with him. This fine shall not be deemed the exclusive remedy for any such further violations and is intended solely to compel defendant's compliance with the terms of this order so that further violations will not occur.

Let judgment be entered accordingly as to Paragraphs One and Two of the Order. Entry of judgment of this Order is hereby stayed for ten days to allow defendant time to appeal.