UNITED STATES of America, Plaintiff,

v.

**ERNST & WHINNEY, et al.,
Defendants.**

Civ. A. No. C82–501A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 2, 1982.

**1304**

James E. Baker, U.S. Atty., Atlanta, Ga., for plaintiff.

Trammell E. Vickery, Hansell, Post, Brandon & Dorsey, Atlanta, Ga., Daniel F. Kolb, Davis Polk & Wardwell, Washington, D.C., for defendants.

### ORDER

ROBERT H. HALL, District Judge.

This action was brought by the United States to enjoin the accounting firm of Ernst & Whinney ("E & W") and various agents and employees in its Atlanta, Georgia office from engaging in allegedly deceptive conduct in the preparation of federal income tax returns. The case is presently before the court on defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

### FACTS

The substance of the action by the government centers around a service offered by E & W known as an Investment Tax Credit Study ("ITC Study"). E & W's promotional literature describes the purpose of the ITC Study to be realization of the full advantage of the investment tax credit provided for by Sections 38 and 46–48 of the Internal Revenue Code of 1954 and the underlying Treasury Regulations.

Generally, the investment tax credit permits a taxpayer to credit against any federal income tax owed, 10 percent of the cost of qualifying property. Buildings and their structural components do not qualify for the credit. See 26 U.S.C. §§ 36, 46, 48; 26 C.F.R. §§ 1.38–1, 1.48–1. However, the government has alleged that E & W is misclassifying property that is clearly unqualified for the investment tax credit so as to appear on the taxpayer's books and records supporting its tax returns as qualifying property. Further, the government has charged that E & W is classifying tangible property, the nature of which is subject to different legal interpretations, by using misleading terminology designed to avoid having the property identified on the taxpayer's books as a questionable item. Finally, the government has alleged that E & W has failed to maintain or provide to their clients documentation sufficient to identify the specific cost components of the amounts claimed for the investment tax credit.

Arguing that these practices constitute deceptive, misleading, and obstructive conduct which substantially interferes with the proper administration of the internal revenue laws, the government seeks an injunction pursuant to 26 U.S.C. § 7407, or alternatively, 26 U.S.C. § 7402(a). The language, structure, and history of these two statutes are crucial to the determination of the present motion. Section 7407 provides:

> § 7407. Action to enjoin income tax return preparers
>
> (a) Authority to seek injunction.—Except as provided in subsection (c), a civil action in the name of the United States to enjoin any person who is an income tax return preparer from further engaging in any conduct described in subsection (b) or from further acting as an income tax

return preparer may be commenced at the request of the Secretary. Any action under this section shall be brought in the District Court of the United States for the district in which the income tax preparer resides or has his principal place of business or in which the taxpayer with respect to whose income tax return the action is brought resides. The court may exercise its jurisdiction over such action (as provided in section 7402(a)) separate and apart from any other action brought by the United States against such income tax preparer or any taxpayer.

(b) Adjudication and decrees.—In any action under subsection (a), if the court finds—

(1) that an income tax return preparer has—

(A) engaged in any conduct subject to penalty under section 6694 or 6695, or subject to any criminal penalty provided by this title,

(B) misrepresented his eligibility to practice before the Internal Revenue Service, or otherwise misrepresented his experience or education as an income tax return preparer,

(C) guaranteed the payment of any tax refund or the allowance of any tax credit, or

(D) engaged in any other fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws, and

(2) that injunctive relief is appropriate to prevent the recurrence of such conduct,

the court may enjoin such person from further engaging in such conduct. If the court finds that an income tax return preparer has continually or repeatedly engaged in any conduct described in subparagraphs (A) through (D) of this subsection and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, the court may enjoin such person from acting as an income tax return preparer.

(c) Bond to stay injunction.—No action to enjoin under subsection (b)(1)(A) shall be commenced or pursued with respect to any income tax return preparer who files and maintains, with the Secretary in the internal revenue district in which is located such preparer's legal residence or principal place of business, a bond in a sum of $50,000 as surety for the payment of penalties under sections 6694 and 6695.

Section 7402(a) provides:

§ 7402. Jurisdiction of district courts

(a) To issue orders, processes, and judgments.—The district court of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of *ne exeat republica,* orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

On its motion to dismiss, E & W argues vigorously that the government is not entitled to the injunction it seeks under either of these statutes. E & W argues that insofar as it is an income tax preparer, its posting of the bond provided for under § 7407(c) precludes the government's action for an injunction under § 7407. Second, it argues that insofar as it is not a preparer, no injunction can be sought under § 7402(a) because there is no substantive Code section to support such an action. These contentions and those of the government in opposition will be addressed more fully below.

DISCUSSION

1. Characterization of the motion to dismiss

The motion to dismiss by E & W has been asserted under both Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Although the

motion could arguably be grounded upon either of these rules, the court has determined that it is more appropriately characterized as a 12(b)(6) motion. The government has asserted that this court has jurisdiction pursuant to both 28 U.S.C. § 1340 and § 1345. Section 1340 confers jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue ..." Section 1345 provides that "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States ..." In this action either statute gives this court jurisdiction. Since the government brought the action under §§ 7407 and 7402(a) of the Internal Revenue Code, § 1340 confers jurisdiction. Similarly, jurisdiction exists under § 1345 since the United States brought the action.

Although Rule 12(b)(6) may not apply perfectly to the instant motion, it seems more appropriate than 12(b)(1). A complaint is not to be dismissed under 12(b)(6) unless it appears to a certainty that no relief can be granted under any set of facts that can be proved in support of its allegations. The rule precludes dismissal except in the extraordinary case in which it appears from the complaint that there is some insuperable bar to relief. *See United States v. Uvalde Consolidated Independent School District,* 625 F.2d 547, 549 & n. 1 (5th Cir.1980). The controversy before the court on this motion seems to be just this: whether there is indeed some insuperable bar to relief. Accordingly, the motion will be treated as one pursuant to 12(b)(6) and the complaint must therefore be liberally construed in the light most favorable to the government and its allegations taken as true.

### 2. The statutes involved

Section 7407 was enacted as part of the Tax Reform Act of 1976, Pub.L.No. 94–455. It grants the Secretary of Treasury the power to seek an injunction in any district court prohibiting an income tax return preparer from engaging in specific practices or from acting as a preparer. The injunction may be sought against a preparer's (1) engaging in conduct subject to penalty under section 6694 or 6695 or subject to any criminal penalty, (2) misrepresenting his eligibility to practice before the IRS, experience, or education, (3) guaranteeing the payment of any tax refund or the allowance of any tax credit, or (4) engaging in any other fraudulent or deceptive conduct which substantially interferes with the internal revenue laws. However, § 7407(c) provides that the preparer can preclude an injunction action pursuant to § 7407(b)(1)(A) relating to conduct subject to penalty by filing a bond of $50,-000 as surety for the payment of penalties.

The other statute under which the government seeks an injunction, § 7402(a), is much more general than § 7407. Enacted a decade before § 7407, § 7402(a) gives the district courts jurisdiction to issue injunctions, *inter alia,* to enforce the internal revenue laws. It also provides that the "[r]emedies hereby provided are in addition to and not exclusive of any and all other remedies ... to enforce such laws."

### 3. E & W as an income tax return preparer

■ E & W's argument is that insofar as it is acting as an income tax return preparer,[1] its filing of the requisite bond under

---

1. An income tax return preparer is defined as "any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax imposed by subtitle A or any claim for refund of tax imposed by subtitle A." The preparation of a "substantial portion" of a return or claim for refund is sufficient under the statute. 26 U.S.C. § 7701(a)(36)(A).

The Treasury Regulations relating to this definition reiterate that only those who prepare all or a substantial portion of a return or claim for refund are to be considered preparers. However, the regulations provide that the rendering of advice directly relevant to the determination of the existence, characterization, or amount of an entry will be regarded as preparation of that entry. 26 C.F.R. § 301.7701–15(b)(1). Thus, this sort of "advising" would seem to render a person a preparer if the advice related to a substantial portion of the return.

§ 7407(c) [2] precludes an injunction against it pursuant to § 7407(a). The success of this argument depends on whether the acts alleged in the complaint can fairly be characterized as conduct subject to penalty within the meaning of § 7407(b)(1)(A).

Section 7407(b)(1)(A) concerns conduct subject to penalty under §§ 6694 or 6695, or to any criminal penalty. Only the more expansive civil penalty sections, added at the same time as the injunctive provisions of § 7407, are important here. Section 6694 provides in pertinent part:

§ 6694. Understatement of taxpayer's liability by income tax return preparer

(a) Negligent or intentional disregard of rules and regulations.—If any part of any understatement of liability with respect to any return or claim for refund is due to the negligent or intentional disregard of rules and regulations by any person who is an income tax return preparer with respect to such return or claim, such person shall pay a penalty of $100 with respect to such return or claim.

(b) Willful understatement of liability. —If any part of any understatement of liability with respect to any return or claim for refund is due to a willful attempt in any manner to understate the liability for a tax by a person who is an income tax return preparer with respect to such return or claim, such person shall pay a penalty of $500 with respect to such return or claim. With respect to any return or claim, the amount of the penalty payable by any person by reason of this subsection shall be reduced by the amount of the penalty paid by such person by reason of subsection (a).

\*    \*    \*    \*    \*    \*

Finally, the regulations provide that what is a "substantial portion" is determined by comparing the length and complexity of and the tax liability or refund involved in that portion to that of the return or claim for refund as a whole. *Id.*

2. It is undisputed that E & W has filed the requisite bond under § 7407(c). Although technically outside of the complaint, the court feels justified in considering this factor on E &

(e) Understatement of liability defined. —For purposes of this section, the term "understatement of liability" means any understatement of the net amount payable with respect to any tax imposed by subtitle A or any overstatement of the net amount creditable or refundable with respect to any such tax. Except as otherwise provided in subsection (d), the determination of whether or not there is an understatement of liability shall be made without regard to any administrative or judicial action involving the taxpayer.

Section 6695, providing penalties for such conduct as failing to furnish a copy of the return prepared to the taxpayer and failing to sign the return, has no application to this action.

Thus, the court's task is to determine whether the acts alleged by the government constitute "negligent or intentional disregard of rules and regulations" or "a willful attempt in any manner to understate the liability for a tax." The complaint seeks to enjoin three practices. First, it is alleged that E & W is "engaging in a pattern and practice of misclassifying property, which is clearly unqualified for the investment tax credit, so as to appear on a taxpayer's books and records supporting its tax returns as property seemingly qualifying for the investment tax credit." Complaint, ¶ 18.[3] The second alleged practice is described as "classifying tangible property, the nature of which is subject to different legal views or conflicting legal authority, by using misleading and deceptive terminology and nomenclature intentionally designed to avoid having the property identifiable on the taxpayers' books and records as a questionable

W's 12(b)(6) motion to dismiss. The complaint itself triggered the filing of the bond and consideration of this fact is necessary to give effect to the applicable law.

3. Examples of this misclassification conduct cited in the complaint include describing an entrance canopy constructed of heavy timbers as "trellis work," and referring to an interior brick and masonry shrubbery area as "interior portable planters." Complaint, ¶ 18 A. & B.

item." Complaint, ¶ 19.[4] Finally, E & W is alleged to have "failed to maintain, or to provide to their clients, documentation sufficient to identify the specific cost components of the amounts claimed for the investment tax credit." This, the government alleges, makes it impossible for the IRS to substantiate a correct cost basis for the property even where questionable claims have been identified. Complaint, ¶ 20.

The government concedes that at least some of the acts alleged fall within § 6694. However, it argues vigorously that some of the acts alleged are outside § 6694 and thus within § 7407(b)(1)(D) dealing with "other fraudulent or deceptive conduct" substantially interfering with the internal revenue laws. Examples cited include: 1) using arcane and obscure terms to describe components claimed for the investment tax credit, 2) creating a muddled or broken audit trail, and 3) manipulating taxpayer correspondence, contractor's cost estimates and architect's blueprints to support manufactured claims. These practices combine to make the items undetectable or unauditable.

Despite the government's effort to find some conduct not covered by 7407(b)(1)(A), the court believes that even these activities are subject to penalty under § 6694. Indeed, all the activities charged ultimately have the same goal, the understatement of tax liability. Achieving this goal in today's sophisticated world may require sophisticated techniques, such as creating a broken audit trail and manipulating underlying records. These activities, however, are merely steps necessary to the ultimate goal of understating liability. Indeed, they would make little sense without this goal.

To do as the government asks, and separate out these steps which do not in themselves directly involve the understatement of liability would effectively nullify § 7407(c) enabling the filing of a bond to

stay the injunction action. Only an injunction as to the actual entering of the items on the return would be stayed by the filing of a bond, while the injunction action would proceed against the preparatory activities and post-understatement coverup. The court does not believe that Congress intended this awkward division, but rather that it viewed the scheme to understate liability as a whole which the filing of a bond would relegate to a penalty proceeding.

Although the court has decided that the filing of the bond by E & W must stay the injunction proceeding insofar as it has acted as a preparer primarily on the basis of the language of the statutes themselves,[5] the court also believes that the penalty process is more appropriate for the resolution of the complicated issues involved. This process involves an initial investigation before any penalty is proposed. The preparer is notified of the proposed penalty and given an opportunity to prevent its assessment. Several officials review the penalty prior to assessment. The preparer may file an administrative claim for refund if the penalty is assessed, and if that claim is denied by the IRS, the preparer may then come to this court for review. See S.Rep. No. 938—Part I, 94th Cong., 2d Sess. 356–57, reprinted in 1976 U.S.Code Cong. & Ad.News 2897, 3439, 3786.

Thus, the penalty process offers the expertise of IRS officers to initially deal with the challenged conduct and decide if it is subject to penalty. In a fashion similar to the employment discrimination laws, Congress has wisely directed that resolution of these preparer disputes first be attempted administratively before any judicial action is taken. Indeed, this process of initially proceeding administratively seems to be as much the rule as the exception under § 7407 for many preparers will undoubtedly be able to file the $50,000 bond required to

4. Examples of this practice include describing shopping mall signs as "identifying devices," and denominating portions of streets and parking lots as "transportation and equipment accessway" and "truck accessway." Complaint, ¶ 19 B. & C.

5. No cases involving the similar use of § 7407 by the government were cited by the parties nor found by the court.

stay the injunction action. Those financially unstable preparers who cannot file the bond seem logically to be the prime target of the injunction action.

■ The court's decision today does not nullify use of the injunction proceeding. As just discussed, it will be available to stop penalty conduct under § 7407(b)(1)(A) by preparers who are unable to file a bond as surety for the payment of penalties. The injunction will also be available to prevent preparer misrepresentation of eligibility to practice before the IRS or education or experience as a preparer under § 7407(b)(1)(B), as well as preparer guarantees of payment of any tax refund or allowance of any tax credit under § 7407(b)(1)(C).

It is not entirely clear what conduct is covered by 7407(b)(1)(D) which speaks of "other fraudulent or deceptive conduct which substantially interferes with the Internal Revenue laws." The use of the word "other" at least makes it clear that the provision does not cover conduct within any of the three preceding, more specific provisions. To conclude otherwise would render the § 7407(c) bond provision meaningless, a result that the body that enacted the provision almost certainly did not intend. It is likely that Congress simply thought it wise to include a "catch-all" provision to cover unforeseen conduct not within the three specific provisions.

In sum, this court concludes that E & W's filing of a bond under § 7407(c) creates an "insuperable bar" to the injunction proceeding as it relates to E & W as a preparer. The court finds that the conduct alleged in the complaint falls within § 7407(b)(1)(A) penalty conduct and is thus subject to the § 7407(c) bond. Consequently, the action against E & W as a preparer must be dismissed under Rule 12(b)(6).

### 4. E & W as an advisor

The government's fallback position in this case is that regardless of its entitlement to

an injunction under § 7407, it is entitled to such relief under § 7402(a). Section 7402(a), set out in full above, gives the district courts authority to grant such relief, including injunctions, as may be necessary and appropriate to enforce the internal revenue laws. The section further provides that the "remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws." 26 U.S.C. § 7402(a). The government argues that this language provides an alternative way to seek an injunction against E & W insofar as a preparer and is available even if an injunction is precluded under § 7407 by the filing of a bond. The court cannot agree with this position.

To allow the use of § 7402(a) to enjoin the same conduct that cannot be enjoined under § 7407(a) due to the filing of a bond would completely nullify § 7407(c)'s bond provision. Congress almost certainly did not intend such a result. Additionally, certain rules of statutory construction undermine the government's argument. First, as E & W has pointed out,[6] the interpretation of a statute in such a way as to render others meaningless is not favored and is to be avoided. *See United States v. Menasche,* 348 U.S. 528, 538–39, 75 S.Ct. 513, 519–20, 99 L.Ed. 615 (1955). As the court stated in that case, " '[t]he cardinal principle of statutory construction is to save and not to destroy.' " *Id.* at 538, 75 S.Ct. at 513 (quoting *NLRB v. Jones & Laughlin Steel Corp.,* 301 U.S. 1, 30, 57 S.Ct. 615, 620, 81 L.Ed. 893 (1937). To accept the government's argument would effectively destroy the bond provision of § 7407(c).

■ Two other rules of statutory construction support E & W's position that § 7407 is *the* injunctive remedy for return preparer cases falling within its scope. It is well settled that a specific statute takes precedence over a more general statute covering the same subject matter. *See Busic*

---

**6.** The court notes that *both* sides have done an excellent job of researching and presenting

their respective positions in this litigation.

*v. United States,* 446 U.S. 398, 406, 100 S.Ct. 1747, 1752, 64 L.Ed.2d 381 (1980). Moreover, a more recent enactment prevails over an earlier one. *See United States v. Crittenden,* 600 F.2d 478, 479–80 (5th Cir.1979). Here, the more recently enacted and more specific provisions of § 7407 must prevail over the more general and previously enacted § 7402(a). Thus, insofar as E & W has acted as a preparer, its filing of a bond under § 7407(c) must preclude the government's injunction action against it under either statute.

■ The government, however, argues that even if no injunction can issue against E & W as a preparer, this court nevertheless has jurisdiction under § 7402(a) to enjoin E & W in instances where it is not acting as a preparer but as an advisor. It is not entirely clear from the relevant statutes and regulations where conduct amounting to income tax return preparation ends and mere advising begins. *See supra* note 1. However, it is not necessary to define the boundaries of return preparation for the court has determined that even assuming there is some conduct on the part of E & W that does not reach the level of preparation, no authority exists for the issuance of an injunction against deceptive practices in advising under § 7402(a).

E & W argues that § 7402(a) alone cannot support an action for an injunction. It takes the position that that section is designed to provide jurisdiction and remedies for the enforcement of the internal revenue laws. Therefore, there must be some specific section to enforce to enable use of § 7402(a), and E & W argues there is no such section here. It contends that Congress stopped short of reaching advisors in enacting § 7407 in 1976 and has not yet provided for a civil remedy against them.

The only case to address the issue of whether § 7402(a) of itself creates substantive rights held it does not. In *United States v. Mobil Corp.,* 543 F.Supp. 507 (N.D. Tex.1981), the IRS, during an audit of Mobil, requested information concerning the number of exemptions claimed by Mobil's employees on tax withholding forms.

When Mobil resisted, the IRS declined to issue a summons, but sought instead to obtain inspection of certain records under 26 U.S.C. § 6001. From the court the IRS sought a judicial declaration of its right to demand inspection without resort to the procedures for the issuance of a summons.

The court held that the IRS cannot rely upon § 6001 as a grant of a right of inspection, but that it must look to other sources, such as its administrative summons procedures, in order to inspect records required to be kept by § 6001. More importantly for this case, however, the court held that § 7402(a) gives the court jurisdiction to order compliance with other Code provisions, including § 6001. According to the court, § 7402(a) does not itself create a right to inspect.

The government conceded at the hearing on this motion that *Mobil* supports E & W's position, but argues that other authority entitles it to an injunction. One case the government relies on is *United States v. Landsberger,* 534 F.Supp. 142 (D.Minn. 1981), *aff'd,* No. 81–2426 (8th Cir. July 29, 1982). There, the defendant was enjoined from marketing a sham tax reduction scheme under which customers made anticipatory assignments of income to a trust in an attempt to avoid paying taxes on it. Discussing §§ 7402(a) and 7407, the court stated:

> Preliminarily, the Court notes that it has jurisdiction to grant such an injunction under both sections 7402(a) and 7407 of the Internal Revenue Code, Title 26, United States Code. Under section 7402(a) the Court has jurisdiction to issue injunctions "as may be necessary or appropriate for the enforcement of the Internal Revenue laws." Section 7407 permits a district court to permanently enjoin a person from acting as a tax return preparer where he has engaged in fraudulent and deceptive conduct that substantially interferes with the proper administration of the tax laws.

534 F.Supp. at 144.

This court does not view *Landsberger* as endorsing its authority to grant an injunc-

tion under § 7402(a) without any supportive substantive Code section. As E & W points out, it does not appear that *Landsberger* posted a bond under § 7407(c), and § 7407 could therefore have been used as authority for granting an injunction without § 7402(a). This element of a bond is central to the present case, however, indeed, the determinative question is whether § 7402(a) can be used since § 7407 cannot. Since no bond appears to have been filed by Landsberger, that court was not required to answer the difficult question that now confronts this court.

Nor do the other cases cited by the government convince the court that § 7402(a) alone suffices as authority for this court to enjoin advising activities. Indeed, all of the cases involve the seeking of a remedy under § 7402(a) for the violation of another section or for the collecting of an assessment.[7] The government seems to concede this point since it goes on to argue that the § 7402(a) injunction it seeks *is* tied to other, substantive provisions of the Internal Revenue Code. The court is cited to a number of provisions in the Code dealing with various duties of the Secretary of the Treasury with respect to enforcing the internal revenue laws which E & W is said to be preventing or hindering.[8]

It is immediately apparent, however, that the government is unable to point to any provision of the Code dealing with liability

of the defendants as advisors. All of the cases authorizing a § 7402(a) injunction did so on the basis of some statutory liability applicable to the defendant. These provisions relating to the duty of the Secretary will not suffice. Rather, the requisite underlying Code section must directly create some duty on the part of the defendant sought to be enjoined. Without such a section, this court agrees with the *Mobil* court that it has no authority to issue a § 7402(a) injunction. Perhaps a remedy is needed with respect to advising activities that do not come within the scope of § 7407. But this court cannot create a remedy *sua sponte* pursuant to § 7402(a) when Congress has not provided any liability for deceptive practices in advising that does not reach the level of preparation.

In sum, the court finds that E & W's filing of a bond under § 7407(c) precludes an injunction against it as a preparer. With respect to any nonpreparer activities, § 7402(a) of itself does not authorize an injunction and no provision of the Code creates the requisite underlying liability. Therefore, the court is without power to issue the requested injunctive relief and the defendants' motion to dismiss under Rule 12(b)(6) is GRANTED.

So ORDERED this 2nd day of November, 1982.

7. *See United States v. First National City Bank,* 379 U.S. 378, 85 S.Ct. 528, 13 L.Ed.2d 365 (1965) (jeopardy assessment against foreign corporation; § 7402(a) injunction against transferring out of country any property held for account of corporation proper); *In re Carlson,* 580 F.2d 1365 (10th Cir.1978) (§ 7402(a)) can be used to enforce tax levies made under Code); *United States v. First National City Bank,* 568 F.2d 853 (2d Cir.1977) (§ 7402(a) held to authorize injunction against bank ancillary to a summary proceeding to prevent its transfer of assets of taxpayer against whom IRS had made jeopardy assessment; *Brody v. United States,* 243 F.2d 378 (1st Cir.1957), *cert. denied,* 354 U.S. 923, 77 S.Ct. 1381, 1 L.Ed.2d 1438 (1957) (§ 7402(a) order requiring defendant to give information concerning disposition of funds derived from recently liquidated securities following jeopardy assessment, criminal contempt order and summons held authorized); *United States v. Ohio Bell Telephone Co.,* 475

F.Supp. 697 (N.D.Ohio 1978) (§ 7402(a) order to make records available to enforce IRS' § 6001 authority to require records be available for inspection held authorized); *In re Gerwig,* 461 F.Supp. 449 (C.D.Cal.1978) (held § 7402(a) authorized issuance of *ex parte* order allowing entry onto taxpayer's premises following tax assessments and creation of liens on property); *United States v. McNulty,* 446 F.Supp. 90 (N.D. Cal.1978) (§ 7402(a) authorized order of repatriation of assets after taxpayer found liable for taxes in civil action).

8. These provisions include, *inter alia,* § 7601, requiring the Secretary to canvass and inquire concerning taxable objects and persons; § 6201, requiring the Secretary to make assessments where proper; and §§ 7801–03 and 7805, dealing with the Secretary's duty to administer the revenue laws.