GLEN C. PAGE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Page v. Commissioner
Docket No. 641-82
United States Tax Court
T.C. Memo 1983-515; 1983 Tax Ct. Memo LEXIS 271; 46 T.C.M. (CCH) 1187; T.C.M. (RIA) 83515; August 23, 1983. Glen C. Page, pro se. Philip Starr, for the respondent. PANUTHOS
MEMORANDUM OPINION PANUTHOS, Special Trial Judge: This case was assigned to Special Trial Judge Peter J. Panuthos for consideration and ruling pursuant to the provisions of section 7456(c) and (d), [1] and Delegation Order No. 8 (81 T.C. VII) (July 1983). This case is before the Court on respondent's Motion for Summary Judgment filed February 16, 1983, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2] In his notice of deficiency issued to petitioner on October 6, 1981, the respondent determined a deficiency in Federal income tax for the taxable year 1980 in the amount of $4,034 and an addition to tax pursuant to section *272 6653(a) in the amount of $202. The only adjustment is the disallowance of a so-called "factor discount expense" deduction in the amount of $13,085 claimed by petitioner on his individual [3] 1980 return. Petitioner's legal address on the date of the filing of his petition, January 7, 1982, was Bothell, Washington. In said petition the only error claimed by petitioner is set forth in paragraph 4 as follows: "Taxpayers claim of factor discount expense on 1040 is in reality amount of nonconstructive receipt." Respondent filed an answer to the petition on March 1, 1982, denying the allegation of error. On October 25, 1982, respondent filed a request for admissions pursuant to Rule 90 seeking to have petitioner admit certain facts as follows: 1. That attached hereto as Exhibit A is a copy of the U.S. Individual Income Tax *273 Return, Form 1040, filed by the petitioner for the 1980 taxable year. 2. That attached hereto as Exhibits [sic] B is a copy of a document titled "Intrusted Personal Services Contract," the original of which was signed by petitioner Glen C. Page on or about March 17, 1980[.] 3. That prior to March 17, 1980, petitioner Glen C. Page provided services to the Boeing Company and was paid for such services by checks issued to him, in his name. 4. That after March 17, 1980, petitioner Glen C. Page provided services to The Boeing Company and was paid for such services by checks issued to him, in his name. 5. That after March 17, 1980, petitioner Glen C. Page endorsed some or all of his paychecks to an entity titled either Professional and Technical Services or International Dynamics, Inc. 6. That either simultaneously, or shortly after endorsing over each of his paychecks to the entities listed in paragraph 5, above, petitioner received back from an entity titled IDI Credit Union monies equal to approximately 92 percent of his paychecks. 7. Petitioner did not inform his employer in 1980 of the claimed sale of his services to Professional and Technical Services. *274 8. Petitioner's employer in 1980 made no payments on his behalf to Professionsl [sic] and Technical Services. 9. On his 1980 U.S. Individual Income Tax Return (Exhibit A) petitioner claimed a "Factor Discount Expense" deduction in the amount of $13,085.00. 10. The "Factor Discount Expense" deduction claimed on petitioner's 1980 U.S. Individual Income Tax Return resulted from petitioner's signing of the document titled "Intrusted Personal Services Contract," (Exhibit B). Petitioner filed a response to this request on November 17, 1982, admitting certain facts while denying others as follows: 1. Exhibit A is petitioners Income Tax Return, Form 1040 for year 1980. 2. Exhibit B is the Intrusted Personal Services Contract which the petitioner signed. 3. Admitted. 4. Admitted. 5. Admitted. Also, petitioner believes that he never took constructive control of said paychecks. 6. Admitted. However, petitioner had no guarantee that a gift from P.&T.S. or IDI Credit Union in the amount of 92 percent would accrue to petitioner. 7. Denied. Petitioner did inform his employer, who also apparently [sic] believed this was a legal contract, binding P.&T. *275 S. and petitioner. 8. Admitted. 9. Admitted. 10. Admitted. On February 16, 1983, respondent filed a Motion for Summary Judgment alleging that there is no dispute as to the material facts relating to the issues in controversy as framed by the pleadings, admissions, and exhibits. In petitioner's response to respondent's Motion for Summary Judgment filed with the Court on May 5, 1983, petitioner makes certain vague Constitutional arguments which have been previously considered by this Court. Petitioner argues that United States v. Landsberger,692 F.2d 501 (8th Cir. 1982), is on appeal and therefore not controlling; that wages are not gross income; that petitioner had no gross income; that petitioner has a right to a jury trial; and that the deficiency is asserted contrary to the 16th Amendment. Petitioner was employed by the Boeing Company during the taxable year 1980 and received gross wages in the amount of $27,480. On March 17, 1980, petitioner executed a document entitled "Intrusted Personal Services Contract" whereby he purportedly sold his lifetime services to a trust. Both before and after March 17, 1980, he continued to perform services for *276 Boeing and checks were issued to him for such services by Boeing. Petitioner endorsed some or all of his paychecks to an entity entitled either Professional and Technical Services or International Dynamics, Inc. Petitioner received back from an entity called IDI Credit Union an amount approximately equal to 92 percent of his paychecks. [4] On Line 8 of his Form 1040, petitioner reported his gross wages of $27,480 and deducted the amount of $13,085 as a "Factor Discount Expense." Summary Judgment is appropriate in this case because there is no genuine issue of fact and a decision may be rendered as a matter of law.Rule 121(b). It is well established that wages received in exchange for services rendered constitute taxable income. Brushaber v. Union Pac. R.R.,240 U.S. 1 (1916). It is also well established that income must be taxed to the person who earns it. United States v. Basye,410 U.S. 441 (1973); Lucas v. Earl,281 U.S. 111 (1930); Commissioner v. Culbertson,337 U.S. 733 (1949). An anticipatory *277 assignment of income has consistently been held to be an ineffective method of avoiding tax liability. Gran v. Commissioner,664 F.2d 199 (8th Cir. 1981); Vnuk v. Commissioner,621 F.2d 1318 (8th Cir. 1980). In fact, this very tax avoidance scheme was held to be ineffective in United States v. Landsberger,692 F.2d 501 (8th Cir. 1982), affg. in part 534 F. Supp. 142 (D. Minn. 1981). In that case, the District Court enjoined the promoter from marketing and promoting this tax avoidance scheme. With respect to petitioner's other Constitutional claims there is no doubt that they have been answered by this Court on previous occasions. There is no right to a jury trial in the Tax Court. Cupp v. Commissioner,65 T.C. 68 (1975) affd. in an unpublished opinion 559 F.2d 1207 (3d Cir. 1977). Wages are are income subject to tax. Commissioner v. Duberstein,363 U.S. 278 (1960); Rowlee v. Commissioner,80 T.C. 1111 (1983); Reiff v. Commissioner,77 T.C. 1169 (1981). Respondent's Motion for Summary Judgment also asks for imposition of the addition *278 to tax pursuant to section 6653(a). We are satisfied that as a matter of law the underpayment is due to negligence and intentional disregard of the rules and regulations. There is no question from the facts set forth in the documents contained herein that petitioner's action was deliberate and in disregard of the income tax laws. Reiff v. Commissioner,supra.See also Gunnarson v. Commissioner,T.C. Memo. 1982-669; Altenburg v. Commissioner,T.C. Memo. 1982-402. There being no genuine issue as to any material fact and respondent's being entitled to prevail on every issue as a matter of law, his motion for summary judgment should be granted and a decision entered in his favor for the deficiency and addition to tax determined by him. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
3. We note that in paragraph 6 of respondent's Motion for Summary Judgment, he refers to a joint return for 1980, however, Exhibit A attached to respondent's affidavit would indicate that this is in fact an individual return of Glen C. Page.↩
4. In his response to the admissions, petitioner suggested that these amounts were a gift from IDI Credit Union.↩