UNITED STATES of America; Philip E. Coates, Plaintiffs-Appellees,

v.

ERNST & WHINNEY; Ray Groves, Defendants-Appellants.

No. 84–3283.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 23, 1984.

Decided Dec. 12, 1984.

Rehearing and Rehearing En Banc Denied Jan. 30, 1985.

Ellis McKay, Maynard F. Thomson, Jones, Day, Reavis & Pogue, Cleveland, Ohio, Daniel F. Kolb (argued), William H. Colby, Davis, Polk & Wardwell, Jerome G. Snider, Nancy R. Grunberg, Washington, D.C., for defendants-appellants.

John M. Siegel, Asst. U.S. Atty., Cleveland, Ohio, James H. Jeffries, III, Robert G. Nath, Charles E. Brookhart/Wm. Whitledge (argued), U.S. Dept. of Justice, Tax Div., Michael L. Paup, Glenn L. Archer, Jr., Washington, D.C., for plaintiffs-appellees.

Before MERRITT and WELLFORD, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.

WELLFORD, Circuit Judge.

In the course of conducting audits of taxpayers subscribing to an investment tax credit (ITC) study marketed by Ernst & Whinney, (E & W), a national accounting firm, in the southeastern part of the United States, the Internal Revenue Service (IRS) discovered what it considered to be a pattern of improper and questionable practices employed by E & W in that study. As a consequence, the United States instituted an action in the United States District Court for the Northern District of Georgia seeking to enjoin E & W from marketing that investment tax credit study. *United States v. Ernst & Whinney*, 549 F.Supp. 1303 (N.D.Ga.1982), *rev'd*, 735 F.2d 1296 (11th Cir.1984). The government alleged in that proceeding that E & W's study had misclassified non-qualifying structural components of buildings by describing these components as personal property, and that E & W had used misleading terminology to describe items of questionable qualification in order to avoid IRS detection that credit had been claimed on such questionable items. The district court in Atlanta did not reach these claims on their merits, dismissing the injunction action for lack of jurisdiction, and finding that an IRS administrative penalty process was the appropriate procedure. 549 F.Supp. at 1308–09, 1311. This action, however, was reversed by the Court of Appeals which held that the alleged E & W conduct was not only "penalty conduct" under 28 U.S.C. §§ 6694 and 6695 such as to permit injunctive action by posting a bond, but that § 7407 of the Internal Revenue Code was also applicable since the conduct of E & W was alleged to be a broad pattern of "falsification and deception." *United States v. Ernst & Whinney*, 735 F.2d at 1304.

During the pendency of the above action against E & W, however, the Georgia district court granted leave to the IRS to serve a John Doe[1] summons on E & W requiring it to identify its ITC study subscribers in the southeastern part of the United States and to provide other records and information regarding ITC studies performed for those subscribers during the years 1977 through 1981. E & W complied with this summons.

In addition, the IRS also sought leave in the instant case from the United States District Court for the Northern District of Ohio, 584 F.Supp. 1073, to serve a John Doe summons on E & W requiring it to produce the same information sought with respect to E & W's southeastern subscribers for the rest of the United States. This summons was issued by Philip E. Coates, the Regional Commissioner for the Central Region of the IRS. In its petition for leave to serve the summons, supported by affidavits,[2] the government contended that it had met the requirements of 26 U.S.C. § 7609(f), which permits service of a John Doe summons only after the government establishes that:

> (1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

---

1. A John Doe summons is, "in essence, a direction to a third party to surrender information concerning taxpayers whose identity is currently unknown to the IRS." *In Re John Does*, 671 F.2d 977, 978 (6th Cir.1982).

2. Allegations in one of the affidavits were drawn from the affidavits of other IRS officials filed in support of the injunction action in the Northern District of Georgia.

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

On April 9, 1982, the Ohio district court entered an order granting the government leave to serve the John Doe summons after an ex parte proceeding. Following E & W's refusal to comply with the summons, the United States instituted this action to compel compliance. In its answer to the government's petition seeking enforcement of the summons, E & W alleged that the affidavits upon which the government relied in the ex parte proceeding before the district court were materially false and misleading with respect to E & W's ITC practices, and that the government had not satisfied the requirement of Section 7609(f)(2) that it demonstrate to the district court that it had a "reasonable basis" to believe that some of the John Does may have understated their correct tax liabilities. In support of these allegations, E & W filed extensive detailed affidavits and exhibits in the district court containing, among other things, photographs showing some property actually covered by the ITC studies in the instances referred to in the government affidavits, and certain excerpts from ITC studies in issue.

After submitting these materials, E & W requested an evidentiary hearing, and requested that it be permitted to cross-examine certain IRS personnel who it contended instigated improperly the summons procedure. The district judge ruled that all discovery motions would be deferred until after the evidentiary hearing.

The district court at the hearing requested by E & W declined to give appellant the requested opportunity to undertake detailed discovery to support its position, ruling:

[S]ummons enforcement proceedings are intended to be summary in nature. Consequently, the right to discovery in such proceedings is not unqualified. "[T]he use of discovery devices in summons enforcement proceedings should be limited to those cases where the taxpayer makes a preliminary and substantial demonstration of abuse." *United States v. Will,* 671 F.2d 963, 968 (6th Cir.1982). In the present case, E & W has failed to make the requisite showing of abuse. The evidence presented by E & W at the hearing and in the numerous affidavits and exhibits filed in this action is not sufficient to make a substantial showing of bad faith or abuse of process on the part of the government. E & W's request for additional discovery is therefore denied.

Judge Lambros relied on *United States v. Samuels, Kramer & Co.,* 712 F.2d 1342, 1346 (9th Cir.1983), and *Agricultural Asset Management Co. v. United States,* 688 F.2d 144, 149 (2d Cir.1982), for his ruling that a challenge to the issuance of a John Doe summons cannot generally be maintained in an enforcement proceeding. He acknowledged a contrary decision, *United States v. Brigham Young University,* 679 F.2d 1345, 1347–48 (10th Cir.1982), *vacated and remanded,* 459 U.S. 1095, 103 S.Ct. 713, 74 L.Ed.2d 944 (1983),[3] which was distinguished in *Agricultural Assets,* 688 F.2d at 149. He concluded that "E & W is precluded from challenging the basis for the issuance of the summons at the enforcement stage of the proceedings ... [and] ... is not entitled to contest the enforcement of the John Doe summons on the ground there was not a reasonable basis for its issuance."[4] Finally, the trial court summarized its ruling:

---

3. This decision of the Tenth Circuit was withdrawn after the Supreme Court's remand. It is not, therefore, authority for appellant's contention here.

4. He had previously "determined that a reasonable basis exists for believing that a class of persons identified in the John Doe summons may have failed to comply with various provisions of the Internal Revenue Code."

E & W has failed to meet the burden of demonstrating that enforcement of the summons would be an abuse of judicial process. Thus, the government's petition to enforce the John Doe summons served on E & W is granted. This decision is not intended to be a reflection on the merits of the substantive tax disputes underlying this action.

It is from this order granting enforcement of the John Doe summons that E & W appeals. It contends that the district court erred in holding that it was not entitled to challenge enforcement under § 7609(f)(2).

In *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964), the Supreme Court set forth the following standard for determining the enforceability of a summons pursuant to proceedings brought under 26 U.S.C. § 7604:

> [T]he Commissioner need not meet any standard of probable cause to obtain enforcement of his summons, either before or after the three-year statute of limitations on ordinary tax liabilities has expired. He must show that the investigation will be conducted pursuant to a legitimate purpose, and that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the [Internal Revenue] Code have been followed—in particular, that the "Secretary or his delegate," after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.

The Second and Ninth Circuit authority relied upon by the district court[5] both held that § 7609(f) does not enlarge substantive rights against enforcement granted to all taxpayers under *Powell*, and that a John Doe summons enforcement proceeding, like a proceeding to consider issuance of a John Doe summons, should not become "imbroiled in an adversary proceeding." 688 F.2d at 148–49. The basis for these decisions was the congressional purpose and intent not to delay tax investigations by the IRS. *See also United States v. John G. Mutschler & Associates, Inc.*, 734 F.2d 363 (8th Cir.1984).

This court made a similar observation in a case involving the issuance of such a summons under §§ 7609(f) and (h):

> Thus, it is clear that Congress did not expect the Service to delay its investigation of suspicious or unusual circumstances until it had evidence of an *actual* violation; it is enough that the facts surrounding a transaction suggest the probable occurrence of reporting errors.

*In Re John Does*, 671 F.2d at 980.

In this case the district court permitted E & W to submit affidavits and documentary evidence which he fully considered before reaching a decision to enforce the contested summons. He held that this evidence was simply not sufficient to show bad faith or abuse of process on the part of the government, and that the summons ought to be enforced.

This court's language in *John Does* is also instructive in reaching a decision on this appeal:

> We think the Service's *past experience* with this problem is a "reasonable basis" for its decision to investigate the returns
> . . . .

671 F.2d 980. The IRS in that case relied on similar kind of information and past general experience about a suspected income tax abuse in seeking to pursue a John Doe summons against a particular entity (a barter exchange). Without precise proof of *actual* violations, this court held that this procedure was appropriate, and reversed the district court's decision to the contrary, which questioned the IRS' demonstration of a "reasonable basis for believing" that the entity involved, and its members, may have improperly reported tax consequences of their transactions. We also reiterate the rationale in *John Does* that the legislative history of § 7609(f) indicates that "Congress did not intend to impose stringent restrictions on the Service's investigatory function but merely sought

---

**5.** *Samuels, Kramer & Co.* and *Agricultural Asset* *Management.*

to prevent the *indiscriminate* exercise of the John Doe summons power." *Id.* at 979.

 The district court had sufficient basis to find that the investigation at issue was conducted pursuant to a legitimate concern about actual or potential tax abuse; that the proposed inquiry and issuance of a John Doe summons was relevant to the above purpose; that the information sought was not, for all practical purposes, already within the IRS possession, and that the IRS had substantially and reasonably followed statutory and administrative procedures required. *See Powell,* 379 U.S. at 58, 85 S.Ct. at 255. The district court afforded E & W an opportunity to present contrary information in support of its opposition that there was an abuse of process prior to enforcing the John Doe summons but limited discovery in respect to the enforcement proceeding. This was not inappropriate. "Because of the summary nature of an enforcement proceeding, discovery is the exception rather than the rule." *United States v. Lask,* 703 F.2d 293, 300 (8th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 104, 78 L.Ed.2d 107 (1983). The district court permitted E & W also to cross-examine the official who issued the summons at the enforcement hearing. It therefore made "inquiry into the underlying reasons for the examination" and investigation of E & W and those it may have advised in its ITC study. *See John G. Mutschler,* 734 F.2d at 366; *United States v. Will,* 671 F.2d 963, 968 (6th Cir.1982). We find no abuse of the court's discretion in following a procedure of limiting the extent of discovery, and in limiting the number of IRS officials to be subject to examination about the conduct and the manner of the investigation here involved.

We are satisfied in this case that to permit E & W to pursue a full-fledged adversary proceeding, including extensive discovery, at a summons enforcement hearing, would "stultify" and unduly delay the investigation sought by the IRS and found in the first instance by the district court to be proper. *See Donaldson v. United States,* 400 U.S. 517, 531, 91 S.Ct. 534, 543, 27 L.Ed.2d 580 (1971).

Accordingly, we AFFIRM the action of the district court and the enforcement of the John Doe summons against appellants.