*105 OPINION.
ÁRnold:
This proceeding involves the question of whether petitioner or Industries, Ltd., shall be taxed upon sums paid to the corporation by various moving picture producers. The respondent contends that we should look through the corporate form under which petitioner’s business was alleged to be conducted to the actual and substantial facts and determine that Industries, Ltd., was organized as a tax avoidance scheme. The respondent asserts that Industries, Ltd., was merely the agent and alter ego of the petitioner, that it served as a conduit or passageway for his Hollywood earnings to his London bank account, and that the agreements between Industries, Ltd., and the Hollywood film producers were anticipatory arrangements for the deflection of income. The answer to respondent’s contentions turns upon whether the corporation should be recognized or disregarded as an entity separate and apart from the petitioner.
*106 In New Colonial Ice Co. v. Helvering, 292 U. S. 435, 442, the Supreme Court stated:
As a general rule a corporation and its stockholders are deemed separate entities [citing eases] and this is true in respect of tax problems [citing eases]. Of course, the rule is subject to the qualification that the separate identity may be disregarded in exceptional situations where it otherwise would present an obstacle to the due protection or enforcement of public or private rights [citing cases].
See also Groves v. Commissioner, 99 Fed. (2d) 179; Commissioner v. Griffiths, 103 Fed. (2d) 110; Belle G. Loewenberg, 39 B. T. A. 844. In our opinion, however, the facts herein fail to bring this proceeding within any recognized exception to the above stated general rule.
We have found as a fact that Industries, Ltd., was a business organization, managed by business men, and created for business reasons. Its failure to engage extensively in the production of motion pictures during the taxable years was reasonably explained as due to a lack of capital. Subsequent events support this explanation. The contract of May 4,1934, indicates that the directors of Industries, Ltd., and the petitioner contemplated that Industries, Ltd., would be engaging in motion picture or theatrical activities. The testimony of one of its directors and the minutes of the directors’ meetings of Industries, Ltd., establish that as soon as sufficient capital was accumulated the company actively engaged in production.
The loan agreements whereby petitioner was to act for Hollywood producers were in accordance with the general practice in the industry, where one studio or producer had a long term contract for the services of an actor. Industries, Ltd., had such a contract for petitioner’s services, and the amount which it could realize therefrom depended upon his continued popularity with the public and the use of his services by the producing companies. While Industries, Ltd., had the right to petitioner’s exclusive services, it was obligated to pay him a salary of more than $3,000 per month for five years. By virtue of its loan agreements with studios and its rights under the assignment by petitioner of his percentage of the gross receipts from “The Private Life of Henry VIII,” the directors were able to provide the company with sufficient capital to embark upon production in their own right. This, in our opinion, was the ultimate aim and purpose for which the company was organized.
We agree with petitioner that this proceeding is in many respects comparable to the situation in Fontaine Fox, 37 B. T. A. 271. Laugh-ton’s only relationship with the contracts for the loaning of his services was to consent to the performance of the services provided for in such loan contracts. The amounts sought to be taxed as petitioner’s earnings were received by Industries, Ltd., under contracts between it and *107 the studios. There was no assignment of future earnings or future income such as existed in Lucas v. Earl, 281 U. S. 111, and there is here no occasion to apply the doctrine of that case.
The fact that petitioner is a nonresident alien and that Industries, Ltd., is a foreign corporation is immaterial so far as the present question of law is concerned. Given the same circumstances with respect to a citizen of the United States and a domestic corporation, the principle of law would apply with equal force. The principal difference between the two classifications is that nonresident aliens and foreign corporations are subject to the withholding provisions of sections 143 and 144 of the Revenue Act of 1934 with respect to income from sources within the United States, which generally speaking have no application to citizens of this country or domestic corporations.
Considering the entire situation, we are of the opinion that Industries, Ltd., is an entity separate and apart from the petitioner, and that its income should not he taxable to him. This determination removes the necessity of considering any of the alternative issues presented by the pleadings, particularly, in view of the statements in the briefs of both parties to the effect that the sole question presented was whether the income of Industries, Ltd., was taxable to the petitioner. Since other adjustments were made by the respondent, the deficiencies should be recomputed in accordance herewith.

Decision will be entered umder Rule 50.