Charles JOHNSON, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 81–4621.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 16, 1982.

Decided Dec. 27, 1982.

Rehearing and Rehearing En Banc Denied Feb. 16, 1983.

Robert L. Dunnett, Los Gatos, Cal., for plaintiff-appellant.

Kristina E. Harrigan, Washington, D.C., for defendant-appellee.

Before MERRILL, FLETCHER and BOOCHEVER, Circuit Judges.

MERRILL, Circuit Judge:

Appellant Johnson seeks refund of federal income taxes for the year 1978 in the sum of $52,606, and appeals from the district court's grant of summary judgment for the government.

I.

Appellant is a professional basketball player. In 1974 he signed a contract with a Panamanian Corporation, Presentaciones Musicales S.A. ("PMSA"), conveying to it the exclusive rights to his services as a professional athlete for a term of at least six years. In return, PMSA agreed to make monthly payments of $1,500.00 (later increased to $2,000.00) to appellant for his life. PMSA later assigned the contract to EST International Limited, a British Virgin Islands corporation which later changed its name to Interlit.

Appellant played for two National Basketball Association teams during 1978: the Golden State Warriors and the Washington Bullets. He played for the Warriors under a contract negotiated and executed by him on August 29, 1977. Neither PMSA nor Interlit engaged in negotiations. Neither was a party to the contract. Appellant's attorney attempted to persuade the Warriors to contract with Interlit but on advice of its counsel, the Warriors refused, taking the position that it would contract with no one but appellant and would not be satisfied with a license from Interlit for his services.

Appellant then executed an assignment of his contract to Interlit and the Warriors paid appellant's salary directly to Interlit which then paid appellant the sums due under its contract with him.

In January 1978, the Warriors placed appellant on waivers and he later signed a two-year contract with the Bullets. Again, he negotiated the contract himself and executed it himself. Neither PMSA nor Interlit was a party. In November 1978, appellant, the Bullets, PMSA and Interlit agreed that all sums due to appellant under his contract with the Bullets should be paid directly to Interlit.

In his income tax return for 1978, appellant showed as income only the sums he had received from Interlit. The Commissioner gave appellant notice of deficiency declaring that all sums paid by the Warriors and the Bullets to Interlit, under appellant's assignments of income, were salary income of appellant. Appellant paid the deficiency in the sum of $52,606.00 and, after the IRS denied his refund petition, filed this suit for refund. The district court granted summary judgment for the United States and appellant took this appeal.

## II.

■ The guiding principle in assignment of income cases is that income is taxed to the person or entity which in fact controls the earning of income. *Commissioner v. Culbertson,* 337 U.S. 733, 739–40, 69 S.Ct. 1210, 1212–13, 93 L.Ed. 1659 (1949); *see also United States v. Basye,* 410 U.S. 441, 449, 93 S.Ct. 1080, 1085, 35 L.Ed.2d 412 (1973); *Lucas v. Earl,* 281 U.S. 111, 114–15, 50 S.Ct. 241, 74 L.Ed. 731 (1930). In *Vnuk v. Commissioner,* 621 F.2d 1318, 1320 (8th Cir. 1980), the court stated that the "choice of the proper taxpayer revolves around the question of which person or entity in fact controls the earning of the income rather than the question of who ultimately receives the income," *quoting Vercio v. Commissioner,* 73 T.C. 1246, 1253 (1980).

■ Johnson argues that he was under contract with PMSA and Interlit for his services and that his services were "loaned out" to the Warriors and Bullets. Where payment is for personal services of an individual who purports to be acting as an employee of a corporation and to have been "loaned out" to the contracting party, two crucial questions are presented: (1) whether the corporation has the right to control the activities of the individual and the amount of compensation the individual receives for those activities; and (2) whether this control has been recognized and accepted by the contracting party. *Vnuk v. Commissioner,* 621 F.2d 1318, 1320–21 & n. 5 (8th Cir.1980); *Johnson v. Commissioner,* 78 T.C. 882, 891 (1982); *see Laughton v. Commissioner,* 40 B.T.A. 101, 106–07 (1939), *remanded on other grounds,* 113 F.2d 103 (9th Cir.1940); *Fox v. Commissioner,* 37 B.T.A. 271, 278 (1938).

■ As the district court determined, the undisputed facts below indicated that the contracts between appellant and the two teams did not amount to a licensing agreement between PMSA or Interlit and the teams; that the teams had contracted with appellant alone; that appellant was an employee of the teams rather than of PMSA or Interlit; and that appellant, not PMSA or Interlit, controlled the earning of the income sought to be taxed in 1978. The court concluded that appellant was liable for tax on the entire amount the teams had paid under the two player contracts.

Appellant disputes the court's conclusions. The crucial fact supporting the district court's holding, however, is that neither the Warriors nor the Bullets had contracted with Interlit. They had contracted directly with appellant for his services as their employee on salary. Indeed, the Warriors explicitly refused to contract with Interlit and rejected the acceptance of a license of appellant's services from Interlit. Similarly, even in November 1978, when the Bullets, Johnson, PMSA, and Interlit agreed that all payments by the Bullets for Johnson's services would be paid to Interlit, the parties explicitly acknowledged that the substance of the agreement was "a contract between PLAYER and CLUB." In both *Laughton v. Commissioner,* 40 B.T.A. 101, 106–07, and *Fox v. Commissioner,* 37 B.T.A. 271, 278, in which payments to a corporation in return for services of an individual were held to be income of the corporation and not the individual, the contracts in question were with the corporation and not with the individual. The distinction is crucial.

We conclude that the district court correctly held that appellant was taxable for the sums paid to Interlit for his services.

## III.

Appellant contends that the Internal Revenue Service singled him out for audit because of his choice of lawyer. We find no merit in this contention and rejected precisely the same argument in *Karme v. Commissioner,* 673 F.2d 1062, 1064 (9th Cir.1982) ("No impermissible selectivity is involved").

JUDGMENT AFFIRMED.