MARK W. LANDSBERGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Landsberger v. Commissioner
Docket No. 31690-81.
United States Tax Court
T.C. Memo 1983-658; 1983 Tax Ct. Memo LEXIS 126; 47 T.C.M. (CCH) 208; T.C.M. (RIA) 83658; October 31, 1983. Merwin D. Grant, for the petitioner. Stuart D. Gibson and Gerald W. Leland, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: This matter is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121. [1] Respondent's motion was filed on January 11, 1983, and was argued by the parties at a trial session of the Court in St. Paul, Minnesota, on June 20, 1983. No written response to respondent's motion was filed by petitioner. *128 By notice issued on December 18, 1981, respondent determined income tax deficiencies and additions to tax against petitioner, as follows: Section 6653(a)
Tax Year
Deficiency
Additions to Tax
1979
$34,880.50
$1,744.30
1980
63,796.61
3,189.83
Respondent contends that there are no material facts in dispute as to any issue presented in the case. Petitioner contends that there are material facts still in dispute relating to such issues, and opposes the motion. For reasons discussed infra, respondent's motion will be treated as a motion for partial summary judgment, and the issues presented therein are as follows: (1) Whether petitioner is entitled to the deductions as claimed on his tax returns for tax years 1979 and 1980 for losses from "factors discount on accounts receivable resold" in connection with the "Foreign Tax Haven Double Trust" plan in which he was a participant; (2) whether petitioner is entitled to deductions in tax year 1979 for fees purportedly paid for financial management consulting services and investment advice pursuant to such plan; and, (3) whether petitioner is liable for additions to tax under section 6653(a) for tax years *129 1979 and 1980. FINDINGS OF FACT Petitioner, Mark W. Landsberger, a legal resident at the time of filing of his petition herein of St. Paul, Minnesota, filed Forms 1040, U.S. Individual Income Tax Returns for tax years 1979 and 1980 with the Internal Revenue Service Center in Ogden, Utah. During these tax years, petitioner was employed as a professional basketball player. During 1979 and 1980, petitioner participated in a plan [2] identified as the "Foreign Tax Haven Double Trust" (hereinafter referred to as the "Double Trust"). Pursuant to the Double Trust, petitioner entered into an irrevocable "Intrusted Personal Services Contract" with an entity known as Professional & Technical Services (P&TS). Such contract described certain "Economic Justifications," in exchange for which petitioner agreed to sell his personal services to P&TS for $1.00 per year. Under the contract, petitioner apparently endorsed and delivered to P&TS certain paychecks received from his employer. P&TS, in turn, sold the checks it received to International Dynamics, Inc. (IDI) for $1.00, whereupon IDI transmitted the proceeds of the checks to IDI Credit Union, described as a "charitable organization. *130 " The participant (i.e., petitioner) had an expectation, but no written guarantee, that IDI would give him a "gift" approximating 90 percent of the proceeds of the paycheck. In that event, the remaining portion of the participant's payments to P&TS would be retained as a trustee's fee by IDI. Under line 21 for "Other income," petitioner claimed losses on his income tax returns for tax years 1979 and 1980 for "Factors Discount on Accounts Receivable Resold," in the respective amounts of $78,331 and $140,366. These claimed losses represented earnings of petitioner from his employment as a basketball player paid over to P&TS pursuant to the Double Trust plan. In addition, on Schedule A of his 1979 tax return, petitioner claimed a $5,000 *131 deduction for "Financial Management Consulting Services - Contract #7912100B (1 Yr)," and a $445 deduction for "Advisor's Fees for Advice on Investing Assets/Property." The $5,000 deduction relates to a purported payment made by petitioner to IDI pursuant to a contract with one Frank Forrester of IDI, dated December 24, 1979, and styled "Contract for non-business personal Financial Management Consulting Services." The $445 deduction relates to a purported payment made by petitioner to IDI pursuant to an alleged contract with the same Frank Forrester, described in a document styled "Confirmation and Receipt," which is dated June 27, 1981, in exchange for certain tax advice services. OPINION Respondent's determination of deficiencies herein was based, in pertinent part, [3] upon disallowance of petitioner's claimed losses in 1979 and 1980 for factors discounts on accounts receivable resold, and claimed deductions in 1979 for financial management consulting services and investment advice fees, together with additions to tax relating to these items. *132 Petitioner's December 31, 1981, petition asserts error in respondent's determinations on the grounds, first, that the 1979 and 1980 factors discounts losses involved funds which neither "belonged to" nor were "constructively received" by petitioner; second, that the 1979 financial management consulting services and investment advice fees constituted deductible "ordinary and necessary" expenses; and third, that petitioner acted at all pertinent times in accordance with his understanding of applicable regulatory requirements, and was therefore not in violation of section 6653(a). On June 14, 1983, petitioner filed a motion to amend his petition pursuant to Rule 41, together with a proposed amended petition. On the same date, petitioner's motion to amend was granted.The amended petition for the first time raises additional grounds in opposition to respondent's deficiency determinations, as follows: (1) In the event that the factors discounts losses are disallowed for 1979 and 1980, petitioner is entitled to casualty or "miscellaneous" deductions for payments to the Double Trust relating thereto; and, (2) petitioner is entitled to additional deductions, exemptions and credits, [4] *133 which were inadvertently omitted from his tax returns for 1979 and 1980. On July 18, 1983, respondent filed an answer to petitioner's amended petition, specifically denying the additional grounds set forth therein. The amended petition raises new issues concerning claimed casualty loss or miscellaneous deductions for the factors discounts payments, and additional deductions, exemptions and credits. Since these issues were neither addressed by respondent's prior motion for summary judgment nor argued at the hearing, the motion will be treated herein under Rule 121(b) as a motion for partial summary judgment on the issues framed by the initial pleadings, as described supra, and since this opinion does not dispose of the entire case, we have herein found the facts that appear to be without substantial controversy, and shall direct such further proceedings in the case as are appropriate. Respondent, as the party moving for partial summary judgment, has the burden of demonstrating that no genuine issue within the scope of such motion exists as to any material fact, and *134 that he is entitled to judgment as a matter of law. Adickes v. S.H. Kress & Co.,398 U.S. 144, 157 (1970); Gulfstream Land and Development Corp. v. Commissioner,71 T.C. 587, 596 (1979). In deciding the motion for partial summary judgment, the Court "must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought. " Heyman v. Commerce and Industry Insurance Co.,524 F.2d 1317, 1320 (2d Cir. 1975).
Applying these standards, and in light of the facts which are established in this record, as we have found, we conclude: (1) that no genuine issues of material fact remain with respect to losses as claimed on petitioner's tax returns for tax years 1979 and 1980 for factors discounts on accounts receivable resold, and that an order in favor of respondent on this issue may be entered as a matter of law pursuant to Rule 121(b); (2) that genuine issues of material fact remain with respect to petitioner's claimed deductions in 1979 for financial management consulting services and investment advice; and, (3) that genuine issues of material fact remain with respect to the additions *135 to tax for tax years 1979 and 1980 under section 6653(a), and that an order denying respondent's motion on these issues should be entered. Issue 1.Factors Discounts Losses
It is undisupted that the Double Trust in which petitioner participated is the same plan which was the subject of the opinion and order of the United States Court of Appeals for the Eighth Circuit in United States v. Landsberger,692 F.2d 501 (8th Cir. 1982), affg. in part 534 F. Supp. 142 (D. Minn. 1982). [5] In affirming the District Court's grant of a permanent injunction under sections 7402(a) and 7407 against Gerald J. Landsberger (promoter of the Double Trust device and father of petitioner in the present action), the Eighth Circuit determined that the Double Trust constituted an illegal tax avoidance scheme. In particular, the Eighth Circuit upheld the finding of the District Court that the Double Trust constituted an impermissible attempt to anticipatorily assign personal services income, which would "result in the avoidance of taxes" in much the same manner as the family trust plans "which it resembles." The ineffectiveness for Federal tax purposes of plans substantially *136 identical to the Double Trust plan at issue herein has also been established in two recent decisions of this Court.Benningfield v. Commissioner, 81 T.C.     (September 19, 1983); Page v. Commissioner,T.C. Memo. 1983-515. In Benningfield, this Court described the double trust plan at issue therein as a "flagrant and abusive tax avoidance scheme." It is a fundamental principle of tax law that income must be taxed to the one who earns it. United States v. Basye,410 U.S. 441, 449-50 (1973); Commissioner v. Culbertson,337 U.S. 733, 739-40 (1949); *137 Lucas v. Earl,281 U.S. 111, 114-15 (1930). It is also well established that an anticipatory assignment of income will be ineffective to avoid income tax liability. Determining who earns income depends upon which person or entity in fact controls the earning of the income, and not on who ultimately receives it. Vnuk v. Commissioner,621 F.2d 1318, 1320-21 (8th Cir. 1980); Johnson v. Commissioner,78 T.C. 882, 891 (1982); Vercio v. Commissioner,73 T.C. 1246, 1253 (1980); American Savings Bank v. Commissioner,56 T.C. 828, 839-42 (1971).
Any contention that an entity or entities, such as the Double Trust plan, controlled petitioner's basketball earnings to the extent that such entity, rather than petitioner, was properly taxable thereon, would require a two-part showing, as follows: (1) that such entity had a meaningful right to direct or control petitioner's employment and earnings; and, (2) that there existed a contract or similar indicium of agreement between such entity and the source of petitioner's earnings, recognizing the controlling position of the former. See Johnson v. United States,698 F.2d 372, 374 (9th Cir. 1982); *138 Vnuk v. Commissioner, supra at 1320-21; Johnson v. Commissioner,supra at 891-93. The evidence herein clearly demonstrates that petitioner fully controlled the earning of his income from employment as a professional basketball player. Petitioner concedes that neither component of the Double Trust plan directed or controlled his employment in any meaningful manner. Nor is it contended that there was any contractual relationship or other indicium of agreement between any component of the Double Trust and petitioner's employer, recognizing the latter's controlling position. On the record herein, we therefore conclude that a holding in favor of respondent on the issue of the losses as claimed by petitioner on his tax returns for tax years 1979 and 1980 for factors discounts on accounts receivable resold may be rendered as a matter of law pursuant to Rule 121(b). We again note that this decision is in accord with the determination by the Eighth Circuit in Landsberger that the Double Trust plan constitutes an impermissible attempt to anticipatorily assign income. Cf. Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), *139 cert. denied 404 U.S. 940 (1971). As noted supra, we reserve decision on petitioner's alternative casualty loss and miscellaneous deduction grounds as a basis for deducting these same amounts. This leaves for disposition herein those portions of respondent's motion pertaining to petitioner's claimed deductions for financial management consulting services and investment advice, and to petitioner's liability for additions to tax under section 6653(a). Issue 2. Financial Management and Investment Advice Deductions
On Schedule A of his 1979 Form 1040, petitioner claimed "miscellaneous deductions" for "Financial Management Consulting Services" and "Advisor's Fees for Advice on Investing Assets/Property" in the amounts, respectively, of $5,000 and $445. It is undisputed that the $5,000 deduction claimed relates to a contract dated December 24, 1979, wherein on Frank Forrester agreed, on behalf of IDI, to perform financial consulting services for petitioner for a period of one year. Such services are described on the face of the contract as: (1) investment and statistical research; (2) financial counselling; (3) accounting support; (4) estate planning; (5) *140 tax return preparation and refunds due; (6) financial forms and procedures; and (7) equity trust review and recommendations. It is also undisputed that the $445 claimed deduction relates to an alleged contract, wherein the same Frank Forrester agreed, on behalf of IDI, to perform additional services for petitioner in the nature of tax, pension and estate advice. These deductions were disallowed in respondent's notice of deficiency on the basis that they failed to qualify as expenses for the production of income under section 212. In support of such deductions, petitioner urges that they qualify, in the alternative, as section 165(h) casualty losses, section 166 bad debts or section 212 expenses for the production of income. In opposition to petitioner's claimed deductions, respondent, citing Gran v. Commissioner,664 F.2d 199 (8th Cir. 1981), affg. a Memorandum Opinion of this Court; Luman v. Commissioner,79 T.C. 846 (1982); and two Memorandum Opinions of this Court, [6] states that because such expenses were purportedly incurred pursuant to an illegal tax avoidance scheme, they are nondeductible. *141 In each case cited by respondent, disallowance of the deductions at issue was upheld based upon scrutiny of the nature of the expenditures involved in light of the grounds relied upon for the claimed deductions. The record herein discloses that petitioner purportedly expended the aggregate $5,445 at issue for certain services, including tax return preparation and investment advice services. It is clear that qualifying expenditures for investment and tax advice will be deductible under section 212. Section 1.212-1(g), (1), Income Tax Regs. See Serians v. Commissioner,60 T.C. 187 (1973). It is equally clear, however, that purported tax and investment advice costs, which have often been considered by this Court in the context of the establishment of various family trust tax avoidance schemes, may be held to not qualify for deduction under section 212. See Professional Services v. Commissioner,79 T.C. 888 (1982); Luman v. Commissioner, supra;Epp v. Commissioner,78 T.C. 801 (1982); Contini v. Commissioner,76 T.C. 447 (1981). On the record herein, we can determine neither the specific nature *142 of the services purportedly purchased by petitioner nor the relationship of such services to the Double Trust scheme, nor, indeed, whether any such services were actually performed. Unlike the cases cited by respondent on this issue, this matter is before us on respondent's motion for partial summary judgment, and it is respondent who bears the burden of demonstrating that, as a matter of law, no genuine issue of material fact exists. On this record, we must conclude that respondent has failed to meet this burden insofar as it pertains to petitioner's claimed 1979 financial management and investment advice deductions. Issue 3. Additions to Tax Under Section 6653(a)
The final issue for decision on respondent's motion concerns the additions to tax under section 6653(a). Section 6653(a) provides for an addition to tax of 5 percent of the underpayment if "any part of any underpayment * * * of any [income] tax * * * is due to negligence or intentional disregard of rules and regulations." In support of his motion for summary judgment on this issue, respondent maintains that a prudent individual knows or would know upon seeking competent advice that income tax cannot be *143 avoided by an anticipatory assignment of income, and that petitioner's reliance upon this obvious tax avoidance scheme constitutes negligence as a matter of law. As evidence of such negligence, respondent points to petitioner's Form W-4 for 1980, wherein petitioner claimed exempt status from withholding on the basis that he had no income tax liability for 1979, and expected to incur no such liability for 1980. In opposition to respondent's motion on this issue, petitioner states that he relied upon his father, Gerald J. Landsberger, to prepare his returns for the years at issue, and that his father was a "conservative" and "careful" tax return preparer with many years of experience.Petitioner further suggests that he relied also upon the advice of "counsel" and of "accountants" in preparing such returns. [7]
Whether petitioner should be held liable for the additions to tax for 1979 and 1980 raises factual questions, including whether petitioner possessed or should have possessed knowledge of pertinent rules, regulations and case law, and the nature and extent *144 of his purported reliance upon tax advisors. Petitioner should be afforded an opportunity to testify and present any probative evidence on this issue. On this record, we cannot conclude that respondent is entitled to judgment on this issue as a matter of law. * * * Since our decision on the issues raised in respondent's motion for partial summary judgment is not dispositive of the entire case, we will enter an appropriate order under Rule 121(c) incorporating our findings and holding as to the disallowance of petitioner's deductions in tax years 1979 and 1980 for losses from factors discounts on accounts receivable resold, and directing that this case be set for trial in due course with respect to the remaining issues. Appropriate orders will be entered.
Footnotes
1. All statutory references herein are to sections of the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all references to the Rules are to the Tax Court Rules of Practice and Procedure, unless otherwise stated.↩
2. Findings herein, relating to the structure and operation of the Double Trust plan, are based upon both affidavits supporting respondent's motion and petitioner's admission at the hearing that such Double Trust is identical to the plan considered by the United States Court of Appeals for the Eighth Circuit in United States v. Landsberger,692 F.2d 501 (8th Cir. 1982), affg. in part 534 F. Supp. 142 (D. Minn. 1982)↩.
3. Respondent's notice of deficiency also contains a disallowance of a portion of petitioner's claimed medical expense deduction in 1979, and allowance of a $300 deduction for uniforms as an ordinary and necessary business expense in 1980. The claimed medical expense is not at issue in this action on respondent's motion, and will be determined as an automatic adjustment under sec. 213 when all of the issues for tax year 1979 are resolved. The uniform deduction adjustment is not at issue in this case.↩
4. The claimed deductions, exemptions and credits remain unidentified by petitioner on this record.↩
5. At the time of filing of the petition, petitioner was a legal resident of Minnesota. While the amended petition states that he was then a legal resident of California, in accordance with sec. 7482(b)(1), appellate venue herein lies where petitioner was a resident at the time his petition was filed; that is, in the Eighth Circuit. See Becker v. Commissioner,     F.2d     (5th Cir., September 22, 1983, 83-2 USTC par. 9629), dismissing appeal from T.C. Memo. 1983-94; Brewin v. Commissioner,72 T.C. 1055 (1979), revd. on other grounds, 639 F.2d 805↩ (1981).
6. Gunnarson v. Commissioner,T.C. Memo. 1982-669; Brown v. Commissioner,T.C. Memo. 1982-253↩.
7. It is unclear on this record whether petitioner's father was the "counsel" or one of the "accountants" referred to.↩