GLEN C. PAGE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Page v. Commissioner
Docket No. 15038-83.
United States Tax Court
T.C. Memo 1984-236; 1984 Tax Ct. Memo LEXIS 437; 48 T.C.M. (CCH) 1; T.C.M. (RIA) 84236; May 1, 1984. Glen C. Page, pro se. Milton J. Carter, Jr. and Richard M. Duncan, for the respondent. CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment filed on January 24, 1984, pursuant to Rule 121(a), Tax Court Rules of Practice and Procedure.[1]
*438 Respondent, in his notice of deficiency issued to petitioner on March 10, 1983, determined a deficiency in petitioner's Federal income tax for the taxable calendar year 1981 in the amount of $2,778.00 and an addition to the tax under section 6653(a)(1) [2] in the amount of $139.00. The deficiency is based on the disallowance of an adjustment to income claimed by petitioner in the amount of $11,234.00. Petitioner, in his petition, maintains that respondent's determinations are in error. The errors which petitioner assigns to respondent's determinations are: * * * a) The Commissioner disallowed deduction of $11,234.00 involving International Dynamics alleging sham transactions. Petitioner's claim of factor discount expense on form 1040 is in reality amount of non-constructive receipt. b) The commissioner asserted a 5 percent penalty under the purported authority of section 6653(a) of the Internal Revenue Revenue (sic) Code alleging that petitioner was negligent or intentionally disregarded the rules and regulations. This *439 assertion is made without reliable, probative and substantial evidence and has no substantive basis. * * * The "facts" on which petitioner bases these assignments of error are: * * * a) Petitioner's transactions with International Dynamics are not "sham" Transactions but, in fact, are legitimate business transactions. b) The deduction for $11,234.00 is legitimate and is provided for under the Internal Revenue Code. c) The allegations of negligence or intentional disregard of the rules and regulations is an arbitrary and unwarranted abuse of authority and is not based upon the requirements set forth in Administrative Procedures Act. * * * This petition fails to satisfy the requirements of Rule 34(b)(5) which provides that the petition must set forth clear and concise statements of the facts on which the petitioner bases his assignments of error.
In his motion for summary judgment, respondent maintains that there is no genuine issue of material fact either as to the amount of the deficiency or the imposition of the negligence addition. Respondent has submitted the affidavit of Milton J. Carter, Jr., respondent's trial counsel, which provides, in pertinent part: *440 * * * 4. That attached hereto as Exhibit A is a true and correct copy of the United States Federal Income Tax Return (Form 1040) filed by the petitioner(s) for the taxable year 1981.
5. That attached hereto as Exhibit B is a true and correct copy of the statutory notice of deficiency dated March 10, 1983.
6. That petitioner(s) petitioned this Court in a prior case, Docket No. 641-82. As a part of that case, petitioner(s) admitted, by means of answering Respondent's Request for Admissions, that petitioner(s) signed a document titled "Intrusted Personal Services Contract," a copy of which is attached hereto as Exhibit C. [3]
* * * The affidavit was subscribed and sworn to under oath. All documents referred to in the affidavit were attached as a part thereof. Petitioner has submitted no response to respondent's motion. *441 Among the documents submitted as part of Exhibit A, the Form 1040 filed by petitioner for taxable calendar year 1981, are two Forms W-2, each with the name and social security number of petitioner. The employer listed on each Form W-2 was The Boeing Company. In addition a Personal Affidavit signed by petitioner and a Certificate are included with the Form 1040. The Personal Affidavit provides, in pertinent part: I, Glen C. Page, the undersigned, submit this personal oath that the amount attested hereunder by PTSG was the true and correct amount relinquished by me as their earnings under our mutual contract by which my life services were sold for just consideration and for which I was reimbursed per the contract. That sum listed below by PTSG was not constructively received by me. Therefore the accompanying W-2 total of $20,677.88 is offset accordingly and my entry of "wages etc." on the attached 1040 return lists only the true and legal amount received by me. * * * The Certificate acknowledged receipt of $11,234.06 from Glen C. Page as "duly pledged and purchased life services" by Professional and Technical Services Group. Petitioner reported his wages in full on line *442 7, Wages, salaries, tips, etc., of his Form 1040. Petitioner then deducted an amount corresponding to the $11,234 amount acknowledged in the Certificate on line 29, Other adjustments, of his Form 1040. After this "adjustment" to income the total adjusted gross income reported by petitioner was $9,553. Summary Judgment
The purpose of summary judgment under Rule 121 is to "pierce" the pleadings to determine if any genuine issues of material fact exist for determination. C. Wright, A. Miller & M. Kane, 10 Federal Practice and Procedure: Civil, sec. 2712 (2d ed. 1983). [4] A decision will be rendered on a motion for summary judgment if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b). The burden of proving that there is no genuine issue of material fact is on the moving party. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970); Graf v. Commissioner,80 T.C. 944, 946 (1983); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). *443 Respondent maintains that he has met his burden of showing that there is no genuine issue of material fact and that he is entitled to judgments as a matter of law. For the reasons discussed hereinbelow, we agree. Respondent's determinations are presumed correct and he is entitled to judgment in his favor at trial if his determinations are uncontroverted. Abramo v. Commissioner,78 T.C. 154, 163 (1982). See also Welch v. Helvering,290 U.S. 111 (1933). On a motion for summary judgment this presumption will permit judgment in respondent's favor, without trial, unless the nonmoving party introduces evidence, in his pleadings or otherwise, *444 showing that there is a genuine issue of material fact. Abramo v. Commissioner,supra at 163-164. I. Adjustment to Income for Factor Discount[5]
The first principle of Federal income taxation is "that income must be taxed to him who earns it." Commissioner v. Culbertson,337 U.S. 733, 739-740 (1949). See also United States v. Basye,410 U.S. 441, 449 (1973); Johnson v. United States,698 F.2d 372, 374 (9th Cir. 1982); Benningfield v. Commissioner,81 T.C. 408, 418 (1983). The courts will not permit this rule to be defeated by contractual arrangements designed to deflect the incidents of Federal income taxation away from the one who earns the income. Benningfield v. Commissioner,supra at 418-419. See also United States v. Basye, supra at 449-450; Lucas v. Earl,281 U.S. 111, 114-115 (1930). The fact that the contractual arrangement is *445 binding for state law purposes is irrelevant to the determination of who earns the income for Federal income tax purposes. Benningfield v. Commissioner,supra at 418-419. Income is earned by the person who controls the earning of the income. Benningfield v. Commissioner,supra at 419; Johnson v. Commissioner,78 T.C. 882, 891 (1982); American Savings Bank v. Commissioner,56 T.C. 828, 839 (1971). "* * * Determining who earns the income depends upon which person or entity in fact controls the earning of the income, not who ultimately receives the income. * * *." Benningfield v. Commissioner,supra at 419. Our review of the affidavit and exhibits submitted by respondent as well as the pleadings convinces us that there is no genuine issue of material fact as to who earned the income reflected on line 7 of petitioner's Form 1040 or in petitioner's Forms W-2 for the taxable calendar year 1981. Respondent's determinations, as reflected in the notice of deficiency, are presumptively correct. Petitioner has introduced no facts which would contradict respondent's determinations. Neither *446 the Personal Affidavit and Certificate or pertitioner's assertion in his petition that the transactions at issue were not a "sham" are relevant here as the issue before us is whether petitioner actually earned the income, not whether a purported assignment of such income is binding. In addition, the materials respondent has submitted with his motion support the conclusion that there is no genuine issue of material fact relative to the adjustment to income for factor discount. The Forms W-2 reflect the name and social security number of petitioner. There is no indication on these Forms W-2 that petitioner's employer had entered into an agreement with any other person or entity which would be the true earner of the income for Federal income tax purposes.Nor is there any indication that any person or entity other than the employer listed on the Forms W-2 controlled petitioner's activities. The amounts on the Forms W-2 were reported as gross income on line 7 of petitioner's Form 1040 for the taxable calendar year 1981. Had these amounts actually been earned by another taxpayer, petitioner should have excluded them from his gross income. There is no provision under section 62 for an *447 adjustment to gross income of the type claimed by petitioner. Accordingly, we find that there is no genuine issue of material fact as to petitioner's claimed adjustment to income and that this adjustment is not allowable as a matter of law. Therefore, respondent's motion will be granted insofar as it seeks summary judgment as to the adjustment to income. II. Section 6653(a)(1)--Addition to Tax
Section 6653(a)(1) provides: (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income, Gift, or Windfall Profit Taxes.-- (1) In general.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A, by chapter 12 of subtitle B or by chapter 45 (relating to windfall profit tax) is due to negligence or intentional disregard of rules or regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. Respondent's determinations, as reflected in the notice of deficiency, are presumptively correct. Here, respondent has imposed an addition to tax for negligence or intentional disregard of the rules and regulations under section 6653(a)(1). Petitioner *448 has not raised one shred of evidence to show that there is a factual issue as to the imposition of the addition to tax under section 6653(a)(1). In addition the materials submitted by respondent support the conclusion that there is no genuine issue of material fact relative to the addition to tax under section 6653(a)(1). Petitioner reported his adjustment to income for "life services sold for just consideration" on line 29, Other adjustments, of his Form 1040. Line 29 of the Form 1040 for 1981 directs the preparer to page 12 of the Instructions for preparing Form 1040 to determine what items are properly reportable on line 29. This instruction provides: Line 29 Other Adjustments If you can claim any one of the following adjustments, identify it in the space provided and enter the amount on line 29. Excess Foreign Living Expenses. * * * Forestation/Reforestation Amortization. * * * Repayment of Sub-pay under the Trade Act of 1974. * * * None of these adjustments describe the adjustment claimed by petitioner. Likewise, none of the other enumerated adjustments to income in lines 22-28 would properly include "life services sold for just consideration." Therefore, *449 petitioner, by the Form 1040 alone, was on notice that he had not properly claimed an adjustment to income. Accordingly, we find that there is no genuine issue of material fact as to the fact of negligence or intentional disregard of the rules and regulations, and the additon to tax under section 6653(a)(1) will be imposed as a matter of law. Respondent's motion will be granted insofar as it seeks summary judgment as to the addition to tax. In accord with out views expressed herein [6]
An appropriate order and decision will be entered.
Footnotes
1. This case was assigned pursuant to sec. 7456(d)(3), Internal Revenue Code of 1954↩, as amended, and Delegation Order No. 8 of this Court, 81 T.C. XXV (1983). Unless otherwise specified, all rule references are to the Tax Court Rules of Practice and Procedure.
2. Unless otherwise specified, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year at issue.↩
3. Rule 90 states, in pertinent part: "* * * Requests for Admission. (a) Scope and Time of Request. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters which are not privileged and are relevant to the subject matter involved in the pending action * * *." [Emphasis added.] Here, respondent has attempted to circumvent the limitation in Rule 90 by introducing an admission made in a prior proceeding by way of affidavit of trial counsel. We will not sanction this procedure and find that paragraph 6 fails because this admission may not be considered in the proceeding before us.↩
4. Summary judgment under Rule 121 is derived from Rule 56, Federal Rules of Civil Procedure. Hence, in any question turning on the interpretation of Rule 121, the history of Rule 56, Federal Rules of Civil Procedure, and the authorities interpreting such rule are considered by the Tax Court. See Hoeme v. Commissioner,63 T.C. 18, 21 (1974); Shiosaki v. Commissioner,61 T.C. 861, 862↩ (1974).
5. Although not designated as such on the Form 1040 filed by petitioner, petitioner has characterized the deduction as a "factor discount expense" in his petition. [Petition, paragraph 4 a).]↩
6. We have considered imposing damages under sec. 6673 on our own motion. While was have not done so, we reiterate our warning in Benningfield v. Commissioner,81 T.C. 408, 423↩ n. 10 (1983), that damages will be imposed in appropriate cases involving brazen tax-avoidance schemes.