JAMES A. BRENT AND ROSE M. BRENT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brent v. Commissioner
Docket No. 18371-83.
United States Tax Court
T.C. Memo 1985-91; 1985 Tax Ct. Memo LEXIS 543; 49 T.C.M. (CCH) 844; T.C.M. (RIA) 85091; February 27, 1985. James A. Brent and Rose M. Brent, pro se. Hugh M. Spall and Phyllis Greenblum, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's Motion for Summary Judgment filed herein. [1] After a review *545 of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment filed on September 24, 1984 pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioners on April 12, 1983, determined deficiencies in petitioners' Federal income tax and additions to the tax for the taxable calendar years 1979 and 1980 in the following respective amounts: Additions to Tax, I.R.C. 1954
Years
Income Tax
Section 6653(a) [3]
1979
$5,466.00
$273.00
1980
7,246.00
362.00
The adjustments to income as determined by respondent in his deficiency notice are as follows: 1979
1980
Factor's Discount [4]
$21,757.00
$35,545.00
Taxes [5]
1,404.00
798.00
$23,161.00
$36,343.00
*546 Petitioners, at paragraph 4 of their timely filed petition, recite--"I [James A. Brent, hereinafter called petitioner] disagree with all the above adjustments because I was never in constructive receipt of the monies *547 on which these adjustments were made." Respondent filed his answer on September 6, 1983, on which date the pleadings were closed. Respondent commenced discovery and his summary judgment motion was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 38, 70, 90, and 121. Petitioners' legal residence on the date they filed their petition was P.O. Box 87-1091, Wasilla, Alaska. They filed joint 1979 and 1980 Federal income tax returns with the Internal Revenue Service. Summary Judgment
In his motion for summary judgment, respondent maintains that there is no genuine issue of material fact either as to the amounts of the income tax deficiencies or the impositions of the negligence additions. Respondent has submitted the affidavit of Hugh M. Spall, respondent's trial counsel, which provides, in pertinent part- * * * 4. That attached hereto as Exhibit A is a true and correct copy of the United States Federal Income Tax return (Form 1040) filed by the petitioners for the taxable year 1979. 5. That attached hereto as Exhibit B is a true and correct copy of the United States Federal Income Tax return (Form 1040) filed by petitioners for the taxable *548 year 1980. 6. That attached hereto as Exhibit C is a true and correct copy of the Statutory Notice of Deficiency dated April 12, 1983. 7. That attached hereto is a representative copy of an "Intrusted Personal Services Contract", such as petitioners would have signed when entering this tax avoidance program, (Exhibit D). 8. That attached hereto as Exhibit E is a true duplicate of respondent's Branerton letter to petitioners. 9. That attached hereto as Exhibit F is a true duplicate of Respondent's Request for Admissions by Petitioners [the original of which was filed with the Court on February 24, 1984]. 10. That attached hereto as Exhibit G is a true duplicate of [Petitioners' Response to Respondent's Request for Admissions]. [This document was filed by the Court on March 21, 1984.] Respondent's affidavit is subscribed and sworn to under oath. Each document referred to in the affidavit was attached as a part thereof. [6]
*549 Among the documents submitted as part of Exhibit A, the Form 1040 filed by petitioners for the taxable year 1979, is a Form W-2 (Wage and Tax Statement) showing that petitioner received wages from the IBM Corporation in 1979 in the amount of $36,176.37. Petitioners reported those wages on page 1, line 8 (Wages, salaries, tips, etc.) of their 1979 joint Form 1040. On Schedule C (Profit or (Loss) From Business or Profession) attached to that Form they deducted, on line 32, as "other expenses," $21,757.11 for "Factors Discount on Future Accounts Receivable Sold." They carried this figure over to line 13 on page 1 where they subtracted it from the wage income and a State income tax refund of $539.38 to arrive at adjusted gross income of $14,958.64, which they reported on line 31. By use of this impermissable procedure petitioners sought a refund of $2,645.27, which is almost the entire Federal income tax withheld from petitioner's salary by the IBM Corporation. Among the documents submitted as part of Exhibit B, the Form 1040 filed by petitioners for the taxable year 1980, are two Forms W-2. One shows that petitioner received wage income from the IBM Corporation in 1980 in the *550 amount of $38,627.19. The other reflects that Rose M. Brent received wage income in 1980 from Chilkoot Drilling & Services in the amount of $540.00. Petitioners reported the total amount of this wage income ($39,167.19) on page 1, line 8 (Wages, salaries, tips, etc.) of their 1980 joint Form 1040. On Schedule C (Profit or (Loss) From Business or Profession) attached to that Form they deducted, on line 32, as "other expenses," $35,545.29 for "Loss due to factor discount." They carried this amount over to line 13 on page 1 where they subtracted it from the wage income and a State income tax refund of $580.21 to arrive at an adjusted gross income of $4,125.50, which they reported on line 31. [7] By use of this impermissable procedure petitioners requested a refund of $1,274.18, the entire Federal income tax withheld from petitioner's salary by the IBM Corporation. [8]
Prior to the filing of the joint 1979 and 1980 returns petitioner purported to sell his lifetime services *551 to Professional and Technical Services Group, an organization operated by Frank Forrestor. Prior to the purported sale of his lifetime personal services to Professional and Technical Services Group, petitioner provided personal services for pay to the IBM Corporation. After petitioner signed his purported lifetime personal services contract with the Professional and Technical Services Group, the IBM Corporation continued to use his personal services [for which he was paid a salary]. The purpose of summary judgment under Rule 121 is to "pierce" the pleadings to determine if any genuine issues of material fact exist for determination. 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil, sec. 2712 (2d ed. 1983). [9] A decision will be rendered on a motion for summary judgment if the pleadings, answers to interrogatories, depositions, admiissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b). The burden of proving *552 that there is no genuine issue of material fact is on the moving party. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970); Graf v. Commissioner,80 T.C. 944, 946 (1983); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). On a motion for summary judgment the presumptive correctness of respondent's determinations will permit judgment in respondent's favor, without trial, unless the nonmoving party introduces evidence, in his pleadings or otherwise, showing that there is a genuine issue of material fact. Abramo v. Commissioner,78 T.C. 154, 163-164 (1982). See Parkinson v. Commissioner,647 F.2d 875, 876 (9th Cir. 1981), *553 which sustains this standard. [10]
Here, respondent maintains that he has met his burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. For the reasons discussed hereinbelow, we agree. I. Adjustments to Income for Factor Discount
The first principle of Federal income taxation is "that income must be taxed to him who earns it." Commissioner v. Culbertson,337 U.S. 733, 739-740 (1949). See also United States v. Basye,410 U.S. 441, 449 (1973); Johnson v. United States,698 F.2d 372, 374 (9th Cir. 1982); Benningfield v. Commissioner,81 T.C. 408, 418 (1983). [11] The courts will not permit this rule to be defeated by contractual arrangements designed to deflect the incidents of Federal income taxation away from the one who earns the income. Benningfield v. Commissioner,supra at 418-419. *554 See also United States v. Basye,supra at 449-450; Lucas v. Earl,281 U.S. 111, 114-115 (1930). The fact that the contractual arrangement is binding for state law purposes is irrelevant to the determination of who earns the income for Federal income tax purposes. Benningfield v. Commissioner,supra at 418-419. Income is earned by the person who controls the earning of the income. Benningfield v. Commissioner,supra at 413; Johnson v. Commissioner,78 T.C. 882, 891 (1982), affd. 734 F.2d 20 (9th Cir. 1984); American Savings Bank v. Commissioner,56 T.C. 828, 839 (1971). "* * * Determining who earns the income depends upon which person or entity in fact controls the earning of the income, not who ultimately receives the income. * * *." Benningfield v. Commissioner,supra at 419. Our review of the affidavit and exhibits submitted by respondent as well as the pleadings convinces us that there is *555 no genuine issue of material fact as to who earned the income reflected on line 8 of petitioners' 1979 and 1980 Forms 1040 or in petitioners' Forms W-2 for those taxable years. Respondent's determinations, as reflected in the notice of deficiency, are presumptively correct. Petitioners have introduced no facts which would contradict respondent's determinations. In addition, the materials respondent has submitted with his motion support the conclusion that there is no genuine issue of material fact relative to the adjustments to income for factor discount. The Forms W-2 reflect the names and social security numbers of petitioners. There is no indication on these Forms W-2 that petitioners' employers had entered into an agreement with any other person or entity which would be the true earner of the income for Federal income tax purposes. Nor is there any indication that any person or entity other than the employers listed on the Forms W-2 controlled petitioners' activities. The amounts on the Forms W-2 were reported as gross income on line 8 of petitioners' 1979 and 1980 Forms 1040. Had these amounts actually been earned by another taxpayer, petitioners should have excluded them *556 from their gross income. There is no provision under section 62 for an adjustment to gross income of the type claimed by petitioners. Accordingly, we find that there is no genuine issue of material fact as to petitioners' claimed adjustments to income and that these adjustments are not allowable as a matter of law. Therefore, respondent's motion will be granted insofar as it seeks summary judgment as to these adjustments to income. II. Section 6653(a)--Addition to Tax
Section 6653(a) provides: (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income, Gift, or Windfall Profit Taxes.--* * * If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A, by chapter 12 of subtitle B or by chapter 45 (relating to windfall profit tax) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. Respondent's determinations, as reflected in the notice of deficiency, are presumptively correct. Here, *557 respondent has imposed additions to tax for negligence or intentional disregard of the rules and regulations under section 6653(a). Petitioners have not raised one shred of evidence to show that there is a factual issue as to the imposition of the additions to tax under section 6653(a). Neither the Internal Revenue Code nor any other statute makes provision for a factor discount on receivables sold. It is a well established principle of law that deductions are a matter of legislative grace and are not allowable unless Congress has specially provided for them. Deputy v. DuPont,308 U.S. 488 (1940); New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). Accordingly, we find that there is no genuine issue of material fact as to the fact of negligence of intentional disregard of the rules and regulations, and the additions to the tax under section 6653(a) will be imposed as a matter of law. [12] Respondent's motion will be granted insofar as it seeks summary judgment as to the additions to tax. *558 III. FICA Deductions
On Schedule A attached to their 1979 and 1980 Forms 1040 petitioners claimed deductions for FICA taxes in the respective amounts of $1,403.77 and $1,587.67. [13]
The following provisions of the Internal Revenue Code are dispositive of these claimed deductions. Section 275(a)(1)(A) provides in pertinent part-- (a) GENERAL RULE.--No deduction shall be allowed for the following taxes: (1) Federal income taxes, including-- (A) the tax imposed by section 3101 (relating to the *559 tax on employees under the Federal Insurance Contributions Act) * * *. Section 3502 respecting the nondeductibility of taxes in computing taxable income relates in relevant part--"(a) The taxes imposed by section 3101 of chapter 21, and by sections 3201 and 3211 of chapter 22 shall not be allowed as a deduction to the taxpayer in computing taxable income under subtitle A [Income Taxes]. * * *." We think it appropriate at this point to address another matter. On December 10, 1984, over a month after the hearing on respondent's motion was concluded, petitioner filed a Motion to Change Place of Trial. Therein he seeks to change the trial site from Anchorage, Alaska to New York, New York. His reasons are that petitioners have moved to 537 South Livernois Avenue, Detroit, Michigan and that "all the persons with knowledge of the nature of my claims are in New York". In view of our disposition of respondent's motion we decline to change the trial site. The motion will be denied. Respecting a trial for this case, in Egnal v. Commissioner,65 T.C. 255, 263 (1975), we *560 said-- * * * They [petitioners] are entitled to that opportunity only if it could result in a redetermination of the deficiencies found by respondent. In these cases, it would be useless for us to hear the proffered evidence, because we have concluded that the legal theories relied upon by petitioners to reduce their taxes are erroneous. * * * The foregoing language is equally applicable here. As stated hereinbefore, petitioners did not appear at the November 7, 1984 hearing nor did they file a response to respondent's motion. With respect to a hearing on respondent's summary judgment motion, the Court of Appeals for the Fifth Circuit in Kibort v. Hampton,538 F.2d 90, 91 (5th Cir. 1976), has said: * * * "hearing" does not necessarily mean an oral hearing. What the rule [rule 56(c), Fed. R. Civ. P.] contemplates is 10 day advance notice to the adverse party that the matter will be heard and taken under advisement as of a certain day. This provides the adverse party with an opportunity to prepare and submit affidavits, memoranda and other materials for the *561 court to consider when ruling on the motion. If the adverse party is given this opportunity, then he has been heard within the meaning of Rule 56. [Fn. ref. omitted.] See Jarvis v. Commissioner,78 T.C. 646, 656-657 (1982), and cases cited therein. DAMAGES
Finally, we consider whether we should, on our own motion, award damages to the United States under section 6673. [14]
The Congress of the United States in its expressed desire to stem "the ever-increasing caseload of the Tax Court" amended section 6673 and made that amendment applicable "to Tax Court cases begun on or after January 1, 1983." [15]
*562 Section 6673, as amended, and as applicable to this case, provides-- Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. Thus, when this Court, in its discretion, determines that a proceeding has been instituted or maintained by the taxpayer primarily for delay or that a taxpayer's position in a proceeding before this Court is frivolous or groundless damages of up to $5,000 "* * * shall be awarded to the United States * * *" under the clear mandate of the statute. While we did not award damages in Benningfield v. Commissioner,supra, which was filed on September 19, 1983, we warned that damages will be awarded in *563 an appropriate case involving a "brazen tax-avoidance scheme". We reiterated that warning in Page v. Commissioner,T.C. Memo. 1984-236, which presented a factual situation akin to that in Benningfield.Following our warnings, on September 10, 1984, on a factual situation appearing similar to that in Benningfield, a $3,000 damage award was made. See Bartlett v. Commissioner,T.C. Memo. 1984-480. Prior thereto, on July 31, 1984 and July 26, respectively, in two cases virtually identical to Benningfield, damage awards of $3,500 were made. See Korkowski v. Commissioner,T.C. Memo. 1984-399 and Fadden v. Commissioner,T.C. Memo. 1984-388 and cases cited therein. [16] See also, Zettner v. Commissioner,T.C. Memo. 1984-463, where a $1,000 damage award was made. [17]
*564 The Court of Appeals for the Ninth Circuit, where venue on appeal of this case lies, has made it unmistakeably clear that it will not tolerate the filing of frivolous appeals. McCoy v. Commissioner,76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983); Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982), affg. per curiam an unreported decision of this Court; Barmakian v. Commissioner,698 F.2d 1228 (9th Cir. 1982), affg. without published opinion an unreported order and decision of this Court; Martindale v. Commissioner,692 F.2d 764 (9th Cir. 1982), affg. without published opinion an unreported order and decision of this Court. Here, petitioners have instituted these proceedings and have asserted as their defense to the Commissioner's determinations nothing but frivolous and groundless contentions.Petitioners with genuine controversies were delayed while we considered this case. On this record, we find that petitioners' position in this proceeding is frivolous and groundless and that this proceeding was instituted and maintained primarily for delay. Therefore, in our discretion, we *565 conclude that damages in the amount of $5,000 are appropriate, and damages in that amount will be awarded to the United States under section 6673. An appropriate order and decision will be entered.
Footnotes
1. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. Respondent, in a statement attached to his notice, explains these disallowances as follows: "On your 1979 and 1980 income tax returns you deducted $21,757.00 and $35,545.00, respectively, allegedly representing so-called relinquishment of your income to Professional and Technical Services Group. It is determined that you have failed to establish your entitlement to the claimed exclusion/deduction. It is further determined that the transactions which allegedly evidence the exclusion/deduction are sham transactions having no economic purpose, substance or motive other than the avoidance of tax. * * *." ↩
5. Respondent, in the same statement, asserts the following reasons for these disallowances: "The deductions of FICA taxes as itemized deductions, $1,404.00 in 1979 and $1,588.00 in 1980, are unallowable since you have not established they are an allowable deduction and there is no provision in the Internal Revenue Code permitting such a deduction. * * *."↩
6. Copies of respondent's motion for summary judgment, respondent's memorandum in support of his motion and respondent's affidavit with attached exhibits were served on petitioners. So too, was the Court's Notice of Hearing, calendaring respondent's motion for hearing at Washington, D.C. on November 7, 1984. When the case was called on November 7, 1984 petitioners did not appear nor did they file a response to respondent's motion.↩
7. The amount of $4,125.50 is an incorrect figure, it should be $4,202.11. ↩
8. We observe that petitioners did not seek a refund of $42.40, the Federal income tax withheld by the employer of Rose M. Brent.↩
9. Summary judgment under Rule 121 is derived from Rule 56, Federal Rules of Civil Procedure. Hence, in any question turning on the interpretation of Rule 121, the history of Rule 56, Fed. R. Civ. P., and the authorities interpreting such rule are considered by the Tax Court. See Hoeme v. Commissioner,63 T.C. 18, 21 (1974); Shiosaki v. Commissioner,61 T.C. 861, 862↩ (1974).
10. We note that venue on appeal of this case lies in the United States Court of Appeals for the Ninth Circuit. See sec. 7482(b)(1)(A).↩
11. The facts of this case appear similar to those in Benningfield v. Commissioner,81 T.C. 408↩ (1983).
12. Indeed, "* * * [n]o reasonable person would have trusted this scheme to work." Hanson v. Commissioner,696 F.2d 1232, 1234↩ (9th Cir. 1983).
13. In his deficiency notice respondent has disallowed $798.00 of the claimed latter deduction. His explanations for disallowing both of these deductions is-- "The deductions of FICA taxes as itemized deductions, $1,404.00 in 1979 and $1,588.00 in 1980, are unallowable since you have not established they are an allowable deduction and there is no provision in the Internal Revenue Code permitting such a deduction. The 1980 amount is limited to the amount in excess of the zero bracket amount. Accordingly, your taxable income is increased $1,404.00 for 1979 and $798.00 for 1980."↩
14. Respondent, at paragraph 8 of his motion, states--"This case is an appropriate case for damages under I.R.S.section 6673↩". We do not consider this as a proper motion or request for damages.
15. The Committee Reports to sec. 292(b), Pub. L. 97-248, state, in pertinent part-- "[T]he committee is concerned with the ever-increasing caseload of the Tax Court and the impact that this legislation may have on that caseload. * * * In addition, the committee decided to increase the damages, i.e., penalty, that may be assessed against a taxpayer when proceedings are instituted for delay, and to expand the circumstances under which the Tax Court may assess those damages." [H. Rept. No. 97-404, p. 11.] Although amended sec. 6673 was initially effective only for an action or proceeding commenced in this Court after December 31, 1982, the statute now permits damages to be awarded under sec. 6673 as amended where a proceeding was commenced priorto↩ January 1, 1983 and continues to be maintained as of November 15, 1984. Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 696, sec. 160, amending TEFRA Act sec. 292(e)(2).
16. Particularly United States v. Landsberger,692 F.2d 501 (8th Cir. 1982), where the Eighth Circuit made it crystal clear that the frivolous contentions raised had no merit under the income tax law. See also, Landsberger v. Commissioner,T.C. Memo. 1983-658↩. 17. Petitioners' actions in commencing this proceeding and throughout depict a situation that Congress expressly had in mind in enacting sec. 6673↩. Their petition recited no facts but rather contained a frivolous conclusion. On February 24, 1984 respondent filed a 15 paragraph Request for Admissions. Petitioner filed his answers thereto on March 21, 1984. This record shows beyond shadow of a doubt that his answers to request numbers 2, 3, 4, 8 and 15 are blatantly false. Furthermore, the answers to request numbers 9, 10, 11, 12, 13 and 14 were within petitioner's personal knowledge and should have been easily and truthfully answered. Yet, his answer to number 9 was "deny" and his answers to 10 through 14 were "object". In addition, on May 25, 1984, petitioner filed a 25 paragraph request for admissions. Most of those requests were frivolous, irrelevant or stated legal conclusions.