**Willis G. and Opal F. KNIGGE, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 84–7333.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 1985.

Decided April 1, 1985.

Willis G. Knigge, pro se.

Glenn L. Archer, Jr., Michael L. Paup, Washington, D.C., for respondent.

Before KILKENNY, FERGUSON and WIGGINS, Circuit Judges.

PER CURIAM:

Willis and Opal Knigge[1] appeal the Tax Court's determination of federal income tax deficiencies in 1980 and the imposition of penalties for negligent or intentional disregard of rules and regulations. We affirm the Tax Court.

On or before March 22, 1980, the taxpayer signed a document entitled "Intrusted Personal Services Contract," pursuant to which he assigned his rights to future earnings to an entity called Professional and Technical Services ("PTS"), in exchange for which he was paid $1.00.

Thereafter, he continued working for the same employer and receiving his paychecks as usual, but endorsed them to PTS. PTS then sold the checks to International Dynamics, and International Dynamics forwarded the proceeds to IDI Credit Union. Each participant then expected (although there were no written guarantees) that IDI Credit Union would send the participant a "gift" equalling 90% of the original paycheck. Taxpayer contends this arrangement means he had no taxable income in 1980. The argument is totally without merit.

This exact program was found to be "merely a sham created to aid individuals in the illegal avoidance of tax on personal services income." *United States v. Landsberger*, 692 F.2d 501, 503 (8th Cir.1982). The *Landsberger* court classified the contract as an anticipatory assignment of income, which did not deflect the individual's tax liability. *Id.* *See also Lucas v. Earl*, 281 U.S. 111, 114, 50 S.Ct. 241, 241, 74 L.Ed. 731 (1930) (contract between husband and wife whereby husband assigned half of all future income to wife held ineffective to avoid taxation on husband's income); *Johnson v. United States*, 698 F.2d 372 (9th Cir.1982) (assignment of professional basketball player's salary to Panamanian corporation ineffective for income tax purposes where corporation had no ability to force assignor to play basketball).

The *Johnson* court held there are two factors that determine whether the arrangement is valid: (1) assignee controls the actions and income of the assignor; and (2) assignee's control must be recognized by the entity paying the salary. *Id.* at 374. The taxpayer fails on both factors here; therefore, this arrangement is invalid as a tax avoidance device.

The taxpayer has raised numerous additional errors in the proceedings below (constitutionality of tax system, Tax Court's constitutionality, taxability of Federal Reserve Notes), none of which have merit. *See* U.S. Const. art. I, § 8 (gives Congress power to "lay and collect taxes"); *Red-*

---

**1.** Opal F. Knigge is a party solely because she filed a joint federal income tax return with her husband, Willis G. Knigge. All references herein to "taxpayer" are to Mr. Knigge.

*house v. Commissioner,* 728 F.2d 1249, 1253 n. 2 (9th Cir.1984) (Tax Court is constitutional); *United States v. Schmitz,* 542 F.2d 782, 785 (9th Cir.1976), *cert. denied,* 429 U.S. 1105, 97 S.Ct. 1134, 51 L.Ed.2d 556 (1977) (Federal Reserve Notes are legal tender and are taxable).

 Since taxpayer has raised wholly meritless arguments, we characterize this appeal as frivolous. It is within our discretion to impose double costs and attorney fees for such frivolous appeals. Fed.R. App.P. 38. We agree that meritless "tax protest" appeals have been found to be "increasingly burdensome on the federal court system." *Edwards v. Commissioner,* 680 F.2d 1268, 1271 (9th Cir.1982). We therefore impose attorney fees in the sum of $1,000 and double costs on taxpayer, and affirm the Tax Court.